**Jack D. BASTIEN, et al., Plaintiffs,**

v.

**R. ROWLAND & CO., et al.,
Defendants.**

No. 82–0950C(6).

United States District Court,
E.D. Missouri, E.D.

Aug. 7, 1987.

**620**

John J. Horgan, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for defendants.

John Michael Clear, John I. Alber, Bryan, Cave McPheeters & McRoberts, St. Louis, Mo., for defendant Rowland & Co.

Stephan J. Glynias, Thomas K. Lammert, Evans & Dixon, St. Louis, Mo., George R. Kucik, David Dekker, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for defendants Cohen, ICA, and Levine.

Alan C. Kohn, Robert Useted, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for defendants Laventhal and Horwath.

Harry O. Moline, Sherri L. Cranmore, Moline, Ottsen, Mauze, Leggat & Shostak, St. Louis, Mo., for defendant Shapiro.

Susan G. Rosenthal, Winich & Rich, New York City, Edward L. Dowd, Jr., Dowd & Dowd, St. Louis, Mo, for defendants Rand.

Richard W.A. Davis, West Palm Beach, Fla., Richard W.A. Davis, Inc., Trustee, defendant.

Thomas M. Burke, Noonan & Burke, David Lupo, Robert Ebert, Ebert, Menees & Kriegel, Frank N. Gundlach, Armstrong, Trasdale, Kramer, Vaughan & Schlafly, James Leonard, St. Louis, Mo., for plaintiffs.

E. Louis Werner Jr., Scottsdale, Ariz. pro se.

Gregory H. Wolk, Tockman & Wolk, St. Louis, Mo., for plaintiff Ronald Burt.

### ORDER

GUNN, District Judge.

This matter is before the Court on the joint application of defendants for attorneys' fees and expenses. The Court has reviewed the record and the affidavits submitted in support of and in opposition to defendants' application, heard argument on the appropriateness of a fee award pursuant to Rule 11, Fed.R.Civ.Pro., and held an evidentiary hearing at which individual plaintiffs testified to their personal involvement in the filing and conduct of this litigation. Upon consideration of the history and purpose of Rule 11, the Court concludes that a partial fee award is appropriate in this case. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs and their counsel pay to defendants a sanction in the amount of $100,000.00.

$50,000.00 shall be paid by counsel for plaintiffs. $25,000.00 shall be paid by plaintiff E. Louis Werner. The remaining $25,000.00 shall be paid in equal parts by plaintiffs Jack D. Bastien, Arthur F. O'Hare, Jane S. Tschudy, Michael J. Kickham, Arla E. Reed, Thomas W. Yager and Ronald B. Burt.

On March 25, 1987 the Eighth Circuit Court of Appeals affirmed this Court's order granting summary judgment to defendants in the above-styled cause of action. In its opinion the Court of Appeals highlighted the distinguishing characteristic of this lawsuit: "The costs of this prolonged litigation have far exceeded the amount of investment capital which is its subject matter." *Bastien v. Rowland,* 815 F.2d 743 (8th Cir., 1987) (per curiam).[1] On the eve of trial, after nearly four years in which to conduct discovery, plaintiffs stood wholly without proof of their claims. Defendants have filed affidavits in support of their application for fees and expenses reflecting expenditures in defense of this ultimately meritless litigation that approach one million dollars ($1,000,000.00).

Amended Rule 11 of the Federal Rules of Civil Procedure directs a trial court to "impose ... an appropriate sanction" against "the person who signed [a pleading], a represented party, or both," upon a determination that the pleading was unfounded or interposed for improper purposes. The decision to award sanctions is discretionary with the trial court, as is the identification of the "appropriate sanction" and, if a fee award, the appropriate amount. *See generally Advisory Committee Notes to Rule 11* ("The court ... retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case....."). The standard for review of an attorney's conduct for purposes of the Rule is objective: "[S]anctions shall be imposed [if], after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law...." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985).

■ Rule 11 does not address the procedural rights of attorneys and clients who are threatened with sanctions, and the development of the law is unclear. *See Donaldson v. Clark,* 819 F.2d 1551 (11th Cir. 1987); *Eastway Construction Corp. v. City of New York,* 637 F.Supp. 558, 568 (E.D.N.Y.1986), *reversed in part on other grounds,* 821 F.2d 121, 1987–1 Trade Cas. (CCH) 1167,601 at 60,602 (2d Cir.1987). While the courts are correctly concerned with cost escalation—particularly in a case such as the one before this Court—at least minimum due process safeguards must be ensured. *See Advisory Committee Notes to Rule 11.*

■ This Court, already familiar with the record in this matter, heard oral argument on defendants' motion and provided plaintiffs the opportunity to make a record on their participation in the litigation. The Court believes that the due process rights of neither plaintiffs nor their counsel have been jeopardized by the proceedings on the Rule 11 issue.

■ Upon consideration of the record in this case the Court concludes that plaintiffs' counsel conducted the litigation in a manner that escalated costs unnecessarily and vexatiously. Whether or not a competent attorney could form a reasonable belief as to the viability of the original complaint, the conduct of the litigation from the time this Court inherited the file in 1985, which comprises the bulk of the filings, was frivolous and abusive and not directed toward the "just, speedy and inexpensive determination of [the] action," Rule 1, Fed.R.Civ.Pro. The Court does not hold plaintiffs blameless. This was their litigation, and their counsel must be deemed to have acted at their direction.

---

**1.** This Court set forth an extensive procedural history of the case in its order granting summary judgment of April 17, 1986. A cursory review of the twenty-four volume case file provides ample illustration of the manner in which this litigation was conducted. The Court will not, therefore, repeat the tangled narrative.

622

At the outset of trial the Court stated its belief that plaintiffs should settle their claims against defendants. Testimony at the July 30th hearing established that seven of the plaintiffs were prepared to agree to a settlement. Because plaintiff Werner refused to engage in good faith efforts to resolve the litigation without incurring the costs of trial, the Court finds that he should bear the greater share of costs imposed on plaintiffs.

$100,000.00 represents a fraction of the fees and costs incurred by defendants in this suit. The Court will not, therefore, engage in a determination of the reasonableness of particular fees and costs charged to its defense. The Court finds the amount appropriate as a sanction for bad faith conduct on the part of plaintiffs and their counsel.