EAST–BIBB TWIGGS NEIGHBOR-
HOOD ASSOCIATION, Plaintiff,

v.

MACON–BIBB PLANNING & ZONING
COMMISSION, Defendant.

Civ. A. No. 87–87–3–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 18, 1987.

---

Lonzy F. Edwards, Macon, Ga., for plaintiff.

O. Hale Almand, Jr., Tim D. Hemingway, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiffs have moved this court to dismiss defendant Mullis Tree Service's (Mullis), *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986) counterclaim. Defendant Mullis objects to this dismissal on the grounds that this court has jurisdiction to entertain the counterclaim pursuant to its ancillary jurisdiction power. Plaintiffs, on the other hand, contend that the counterclaim should be dismissed because Mullis is an indispensable party to its action, and, therefore, its claim against Mullis is not frivolous. The parties, however, appear to have over-looked a major concern the court has with the counterclaim involved in this case.

■ The court recognizes that, under Georgia law, claims for abusive litigation must be brought as a part of the litigation which creates the claim. *Yost v. Torok*, 256 Ga. at 95–96, 344 S.E.2d at 417–18. Failure to bring this compulsory counterclaim in the state court system leads that party to forego any rights that he might otherwise have had under *Yost*. The problem with defendant Mullis' argument in this case is simply that it has no rights under *Yost* when, as in this case, the underlying cause of action is based upon federal law and not state law.

Plaintiffs have brought a claim based upon 42 U.S.C. § 1983. Congress, in passing this statute, has already spoken on the issue of what damages a defendant may recover for having to defend against a frivolous action. As provided by the Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, attorney's fees are available to a "prevailing party" in a Section 1983 action. In construing this statute, federal courts have held that in order for a prevailing defendant to recover attorney's fees, it must be shown that the plaintiff's action was "frivolous, unreasonable or without foundation." *See Harbulak v. County of Suffolk*, 654 F.2d 194 (2d Cir.1981); *Tonti v. Petropoulous*, 656 F.2d 212 (6th Cir. 1981); and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed. 2d 648 (1978) (Title VII case). Furthermore, Congress has specifically addressed the problem of abusive litigation when it promulgated Rule 11 of the Federal Rules of Civil Procedure.[1] By explicitly delineat-

---

1. Fed.R.Civ.P. 11 (1987) specifically provides:

    Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other

ing what rights a defendant has when an abusive claim based upon federal law is brought against that party, Congress has simply pre-empted this entire area of the law, and accordingly, *Yost* has no application to this case.

 While this issue seems to be one of first impression in this circuit, the court draws support for its decision from the fact that if *Yost*-type counterclaims are allowed to be asserted in federal causes of action, such as the one at bar, they will have a tremendous "chilling-effect" on the assertion of these federally created rights. Numerous prisoner-rights violations, voting rights disputes, employment discrimination cases, etc., might go unchecked for fear that *Yost*-type sanctions will be imposed against them. *See Frivolous or Not, Most Lawsuits Have Their Day in Court,* Wall St.J., Oct. 5, 1984, at 1, col. 4 (noting that thirty years ago some thought blacks were frivolous for suing school districts). Congress' unwillingness to provide specifically for special damages other than litigation costs, damages for mental distress, and nominal damages[2] in any of the statutes designed to deter abusive litigation, indicates to this court that Congress did not believe that such damages should be recoverable in these federal causes of action.[3] Accordingly, the court finds that defendant Mullis' *Yost* counterclaim does not state a cause of action in this case because the underlying dispute arises out of 42 U.S.C. § 1983. 42 U.S.C. § 1988 and Rule 11 provide defendant Mullis with the exclusive remedy for abusive litigation under these facts. Plaintiff's motion to dismiss Mullis' counterclaim is, therefore, GRANTED.

---

paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

**2.** *Yost* allows for all of these types of damages. 256 Ga. at 95, 344 S.E.2d at 417.

**3.** Rule 11 does, however, appear to allow for punitive-type sanctions to be imposed for abusive litigation practices.