857 F.2d 482
 12 Fed.R.Serv.3d 281
 David G. LUPO and James A. Stemmler, Appellants,
Jack D. Bastien, Arthur F. O'Hare, Jane S. Tschudy, E. Louis
Werner, Jr., Michael J. Kickham, Arla E. Reed,
Thomas W. Yager and Ronald B. Burt,
v.
R. ROWLAND AND COMPANY, a Missouri Corporation, Joseph G.
Wohl, Carol Wohl and David Weiss, Executors, Irwin M.
Rosenthal, Jacob W. Heller, Herman Schwartzman, Leonard I.
Weinstock, David M. Garelik, Andrew W. Dave, Marcel
Shwergold and Elkan Abramowitz, Edmond M. Coller, Richard F.
Horowitz, Howard L. Mann, E. Cooke Rand, Howard S. Jacobs,
R. Mitchell Mass, Edward Fingerman, Weiss, Rosenthal, Heller
& Schwartzman, a dissolved legal partnership, Laventhol &
Horwath, an accounting partnership, Richard W.A. Davis,
Richard W.A. Davis, as Trustee for Richard W.A. Davis, Inc.,
a dissolved Florida Corporation, Harold Rand, Harold Rand,
d/b/a Harold Rand & Company Public Relations, Joel Preston,
Irving Cohen, Irving Cohen, d/b/a The Astro Group, Ltd.,
I.C.A. Productions, Inc., a dissolved New York Corporation,
Stanley Levine, Ted Shapiro, Ted Shapiro, d/b/a The Astro
Group, Ltd., Raymond E. Rowland, Jr., Robert R. Rust, Appellees.
David G. LUPO and James A. Stemmler, Appellees,
Jack D. Bastien, Arthur F. O'Hare, Jane S. Tschudy, E. Louis
Werner, Jr., Michael J. Kickham, Arla E. Reed,
Thomas W. Yager and Ronald B. Burt,
v.
R. ROWLAND AND COMPANY, a Missouri Corporation, Appellant,
Joseph G. Wohl, Carol Wohl and David Weiss, Executors, Irwin
M. Rosenthal, Jacob W. Heller, Herman Schwartzman, Leonard
I. Weinstock, David M. Garelik, Andrew W. Dave, Marcel
Shwergold and Elkan Abramowitz, Edmond M. Coller, Richard F.
Horowitz, Howard L. Mann, E. Cooke Rand, Howard S. Jacobs,
R. Mitchell Mass, Edward Fingerman, Weiss, Rosenthal, Heller
& Schwartzman, a dissolved legal partnership, Laventhol &
Horwath, an accounting partnership, Richard W.A. Davis,
Richard W.A. Davis, as Trustee for Richard W.A. Davis, Inc.,
a dissolved Florida Corporation, Harold Rand, Harold Rand,
d/b/a Harold Rand & Company Public Relations, Joel Preston,
Irving Cohen, Irving Cohen, d/b/a The Astro Group, Ltd.,
I.C.A. Productions, Inc., a dissolved New York Corporation,
Stanley Levine, Ted Shapiro, Ted Shapiro, d/b/a The Astro Group, Ltd.,
Raymond E. Rowland, Jr., Robert R. Rust, Appellants.
 Nos. 87-2296, 87-2297.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 10, 1988.
Decided Sept. 20, 1988.
Rehearing and Rehearing En Banc Denied Jan. 3, 1989.
 
 Joseph S. Rubin, Clayton, Mo., for appellants.
 John Michael Clear, St. Louis, Mo., for appellees.
 Before WOLLMAN and BEAM, Circuit Judges, and RE, Chief Judge.*
 BEAM, Circuit Judge.
 
 
 1
 David G. Lupo and James Stemmler appeal the imposition of sanctions under Fed.R.Civ.P. 11 in the amount of $50,000 for conducting litigation in bad faith and in a frivolous and abusive fashion. We affirm.
 
 I. FACTS
 
 2
 Lupo and Stemmler are attorneys who represented eight plaintiffs in a securities fraud case. The suit was brought against R. Rowland and Co., Inc., a St. Louis brokerage firm, two of Rowland's officers, an accounting firm, members of a New York law firm and others involved with the syndication of limited partnerships. The plaintiffs had purchased, through Rowland, partnership interests in five limited partnerships with which the other defendants were involved. The limited partnerships were organized to purchase and distribute motion pictures, a highly speculative and risky venture. The plaintiffs invested in the partnerships for the primary purpose of sheltering their other income through the use of income tax deductions created through partnership participation. However, the Tax Reform Act of 1976 placed limits on the tax benefits the plaintiffs derived from their investment. In addition, the partnerships proved to be unprofitable. As a result, the plaintiffs filed suit alleging that the defendants defrauded them of their investment by organizing the partnerships in such a way that the general partners were yielded benefits but the limited partners did not receive a profit.
 
 
 3
 Discovery took almost four years and when the trial finally began on March 17, 1986, the district court instructed the plaintiffs that they would have three days to present sufficient evidence to overcome the defendants' motions for summary judgment. If at the end of the three days the plaintiffs had failed to present sufficient evidence, the court stated that it would grant the defendants' motions.
 
 
 4
 After three days of presentation of evidence by the plaintiffs, the court dismissed the jury. On March 31, 1986, the court sustained the defendants' motions for summary judgment. This was noted by an entry on the courtroom minute sheet by the court's deputy clerk and by an entry on the court's docket book.
 
 
 5
 On April 17, 1986, the district court filed an opinion explaining the basis of the March 31, 1986, ruling and stating that summary judgment was granted on March 31, 1986.
 
 
 6
 On May 7, 1986, the defendants filed a joint application for attorneys' fees and costs pursuant to Fed.R.Civ.P. 11. On August 7, 1987, the court ordered a total of $100,000 in sanctions under Rule 11 and assessed $50,000 of those sanctions against Lupo and Stemmler, who appeal the imposition of sanctions against them, 116 F.R.D. 619. The remaining $50,000, which was assessed against the plaintiffs in the case, has been paid.
 
 II. DISCUSSION
 A. Jurisdiction to Impose Rule 11 Sanction
 
 7
 Lupo and Stemmler first assert that the district court lacked jurisdiction to impose Rule 11 sanctions because the defendants' application for such relief was not timely filed. Rule 30 of the Local Rules of the United States District Court for the Eastern District of Missouri requires a claim for attorneys' fees to be filed no later than "twenty-one (21) days after entry of judgment on the merits." The defendants filed their request on May 7, 1986, 20 days after the filing of the district court's opinion but more than 21 days after the entry on the docket noting the granting of summary judgment. Lupo and Stemmler claim that the entry of the judgment on the docket constituted entry of judgment on the merits for purposes of Local Rule 30. However, every judgment is required by Fed.R.Civ.P. 58 to be set forth on a separate document. Therefore the granting of the defendants' motions for summary judgment cannot have constituted the entry of judgment on the merits as required by Local Rule 30 because there was no separate document involved. Neither the courtroom minute sheet nor the court's docket book constitute a separate document. See generally United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).
 
 
 8
 The district court's memorandum and order dated April 17, 1986, is also not a final order under Rule 58. In Baity v. Ciccone, 507 F.2d 717, 718 (8th Cir.1974), we found that the "requirement [of a separate document] is not met by a provision within a court's memorandum opinion and order to the effect that judgment be entered." In order to meet this requirement, a separate document must be prepared "which is distinct from any other document entered in the case * * *." Cloyd v. Richardson, 510 F.2d 485, 486 (6th Cir.1975). Therefore in actuality there was no entry of judgment on the merits from which the 21 day time limit of Local Rule 30 began. However, an appeal was heard by this court on the merits of the case, Bastien v. R. Rowland & Co., No. 86-1519 (8th Cir. Mar. 25, 1987) (cited at 815 F.2d 713 [table], and this issue was apparently not raised by the parties. They have, therefore, waived any objection they may have had regarding this issue. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam). It is clear that it was the intent of the district court that the entry of judgment was to occur with the filing of the memorandum and order. Bastien v. R. Rowland & Co., 116 F.R.D. 619, 621 n. 1 (E.D.Mo.1987) (Bastien II ). Therefore we deem the entry of final judgment in this case to have been no earlier than April 17, 1986, and find that the defendants' joint application for attorneys' fees and costs was timely made.
 
 
 9
 Lupo and Stemmler claim, in the alternative, that the defendants' Rule 11 motion was a motion to amend the judgment under Fed.R.Civ.P. 59(e) and, therefore, was to have been filed within 10 days of the entry of judgment. Lupo and Stemmler assert that even assuming judgment was entered on April 17, 1986, the defendants' motion was not filed within the required 10 days and, therefore, the district court lacked jurisdiction to impose sanctions. However, we held in Obin v. District No. 9 of the Int'l Ass'n of Machinists, 651 F.2d 574 (8th Cir.1981) that an application for attorneys' fees is a collateral and independent claim and need not be filed within the 10 day time period for motions under Rule 59(e). The Supreme Court agreed with this finding in White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) stating that the purpose of Rule 59(e) is to permit a court "to rectify its own mistakes in the period immediately following the entry of judgment." While neither of these decisions squarely considered the issue of the relevance of Rule 59(e) to Rule 11 sanctions, we find that the analysis of these cases is applicable. "We conclude * * * that a [Rule 11] motion * * * raises a collateral and independent claim, not * * * a matter integral to the merits of the action." Obin, 651 F.2d at 582. Therefore the 10 day requirement of Rule 59(e) is not applicable.
 
 B. Imposition of Sanctions Under Rule 11
 Rule 11 states, in pertinent part:
 
 10
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 11
 Lupo and Stemmler assert that no specific papers filed with the court by the plaintiffs were designated as violating Rule 11 in either the defendants' joint application for attorneys' fees and expenses or the district court's order imposing sanctions. Therefore, Lupo and Stemmler claim that the imposition of Rule 11 sanctions was inappropriate.
 
 
 12
 The district court based its decision to impose sanctions upon the full record of the case. It "conclude[d] that plaintiffs' counsel conducted the litigation in a manner that escalated costs unnecessarily and vexatiously." Bastien II, 116 F.R.D. at 621. The district court also concluded that "the conduct of the litigation * * * was frivolous and abusive and not directed toward the 'just, speedy and inexpensive determination of [the] action.' " Id. (citing Fed.R.CivP. 1). Lupo and Stemmler urge that it is fundamentally unfair for the district court to have based the sanctions on the "bulk of the filings" and the "conduct" of the litigation because they were not given sufficient notice as to which papers were the basis of the court's ruling. Without fair notice of the alleged Rule 11 violations, Lupo and Stemmler claim that the evidentiary hearing afforded them under Rule 11 was rendered meaningless.
 
 
 13
 We recognize that "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir.1987). Although we prefer that courts identify specific pleadings or other documents when imposing Rule 11 sanctions, we find that the district court had adequate support for proceeding as it did and that Lupo and Stemmler had fair notice of the basis of the court's ruling. The purpose of Rule 11 is to "compensat[e] the offended party for the expenses caused by a violation as well as penaliz[e] the offender * * *." Sanctions Under the New Federal Rule 11--A Closer Look, 104 F.R.D. 181, 201 (1985). As the district court noted in its memorandum and order granting the defendants' motions for summary judgment, "[t]he history of this case * * * is tortured." Bastien v. R. Rowland & Co., 631 F.Supp. 1554, 1557 (E.D.Mo.1986) (Bastien I ). The parties were involved in constant battles over the scope and priority of discovery, and eventually, in December of 1985, a Special Master was appointed to preside over the taking of all depositions. In February of 1984, nearly 19 months after the filing of the original petition, the plaintiffs sought leave of the court to file an amended complaint, adding a count under the Racketeer Influenced and Corrupt Organizations (RICO) Act. In December of 1985, plaintiffs began attempts to delay the trial following the incapacitation of Lupo due to illness. This is only a brief review of the facts that the district court considered in deciding to sanction Lupo and Stemmler as well as the plaintiffs in the case. In its earlier summary judgment decision, the district court provided a more detailed summary of the events leading up to trial. Bastien I, 631 F.Supp. at 1554-59.
 
 
 14
 Our review of the facts reveals overwhelming support for the imposition of the sanctions. The defendants as a whole spent over $1,000,000 defending this case. In fact, "[t]he costs of this prolonged litigation have far exceeded the amount of investment capital which is its subject matter." Bastien, slip op. at 2. As such, we find that the $50,000 sanction was certainly well within the parameters of reasonability and that the district court did not abuse its discretion in imposing the sanctions. The amended petition adding the RICO count certainly meets the requirement of a pleading signed in violation of Rule 11. The claim was not "well grounded in fact" or "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law * * *." Fed.R.Civ.P. 11.
 
 
 15
 In addition to supporting the Rule 11 sanctions, the district court's findings were broad enough to support sanctions under 28 U.S.C. Sec. 1927. Section 1927 authorizes sanctions against any attorney "who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously * * *." The district court found that Lupo and Stemmler had "conducted the litigation in a manner that escalated costs unnecessarily and vexatiously." Bastien II, 116 F.R.D. at 621. Giving great deference to the findings of fact and conclusions of the district court as required, Kurkowski v. Volker, 819 F.2d 201, 203 n. 8 (8th Cir.1987), we find that this provides us with an alternative ground for affirmance.
 
 III. CONCLUSION
 
 16
 For the foregoing reasons, the decision of the district court is affirmed.
 
 
 
 *
 The HONORABLE EDWARD D. RE, Chief Judge, United States Court of International Trade, sitting by designation