Marvin POWELL, Brian Holloway, Michael Kenn, Michael Davis, James Lofton, Michael Luckhurst, Dan Marino, George Martin, Steve Jordan and the National Football League Players Association on behalf of themselves and all class members, Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE; The Five Smiths, Inc., d/b/a Atlanta Falcons; Buffalo Bills, Inc., d/b/a Buffalo Bills; Chicago Bears Football Club, Inc., d/b/a Chicago Bears; Cincinnati Bengals, Inc., d/b/a Cincinnati Bengals; Cleveland Browns, Inc., d/b/a Cleveland Browns; The Dallas Cowboys Football Club, Ltd., d/b/a Dallas Cowboys; PDB Sports, Ltd., d/b/a Denver Broncos; The Detroit Lions, Inc., d/b/a Detroit Lions; The Green Bay Packers, Inc., d/b/a Green Bay Packers; Houston Oilers, Inc., d/b/a Houston Oilers; Indianapolis Colts, Inc., d/b/a Indianapolis Colts; Kansas City Chiefs Football Club, Inc., d/b/a Kansas City Chiefs; The Los Angeles Raiders, Ltd., d/b/a Los Angeles Raiders; Los Angeles Rams Football Company, Inc., d/b/a Los Angeles Rams; Miami Dolphins, Ltd., d/b/a Miami Dolphins; Minnesota Vikings Football Club, Inc., d/b/a Minnesota Vikings; New England Patriots Football Club, Inc., d/b/a New England Patriots; The New Orleans Saints Limited Partnership, d/b/a New Orleans Saints; New York Football Giants, Inc., d/b/a New York Giants; New York Jets Football Club, Inc., d/b/a New York Jets; The Philadelphia Eagles Football Club, Inc., d/b/a Philadelphia Eagles; Pittsburgh Steelers Sports, Inc., d/b/a Pittsburgh Steelers; The St. Louis Football Cardinals, Inc., d/b/a St. Louis Cardinals; The Chargers Football Company, d/b/a San Diego Chargers; The San Francisco Forty–Niners, Ltd., d/b/a San Fran-

cisco 49ers; The Seattle Professional Football Club, d/b/a Seattle Seahawks; Tampa Bay Area NFL Football, d/b/a Tampa Bay Buccaneers; Pro–Football, Inc., d/b/a Washington Redskins, Defendants.

Civ. No. 4–87–917.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 4, 1991.

See also 773 F.Supp. 1250.

Edward M. Glennon, Carol T. Rieger, Luke H. Terhaar, Charles J. Lloyd, and Lindquist & Vennum, Minneapolis, Minn., Jeffrey L. Kessler, James W. Quinn, and Weil, Gotshall & Manges, New York City, for plaintiffs.

James Fitzmaurice, Patrick J. Schiltz, and Faegre & Benson, Minneapolis, Minn., John H. Schafer, Herbert Dym, Paul J. Tagliabue, Jeffrey Pash, Neil K. Roman, Richard W. Buchanan, and Covington & Burling, Washington, D.C., Frank Rothman, and Skadden, Arps, Slate, Meagher & Flom, Los Angeles, Cal., Shepard Goldfein, and Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' motion to supplement the record in *Powell.* Based on a review of the file, record and proceedings herein, the court denies defendants' motion.

## DISCUSSION

Defendants move the court to add various materials to the *Powell* record that relate to the issue of the National Football League Players Association's ("NFLPA") status as a collective bargaining representative of the NFL players. Defendants contend that the NFLPA's status was purportedly determined by "Plaintiffs' Motion for Partial Summary Judgment" in *Powell.*[1]

1. In their moving papers, defendants took the position that plaintiffs actually made this mo-

Defendants argue that the submitted materials are newly discovered evidence that should be added to the record pursuant to Federal Rule of Civil Procedure 60(b).

■ It is undisputed that the materials that defendants seek to add to the *Powell* record relate solely to the issue of the NFLPA's status as a collective bargaining representative of NFL players. After the Eighth Circuit's decision in *Powell v. National Football League*, 930 F.2d 1293 (8th Cir.1989), however, that status was never subject to a partial summary judgment motion filed in *Powell*. The issue of the NFLPA's status was presented in a motion for partial summary judgment only in the *McNeil* litigation and resolved by this court's order dated May 23, 1991. *Powell & McNeil v. National Football League*, 764 F.Supp. 1351, 1360 (D.Minn.1991). In that order, the court, for convenience, combined one motion that related to the *Powell* litigation, defendants' motion to consolidate the *Powell* and *McNeil* cases, with three motions that related *solely* to *McNeil*, including plaintiffs' motion for partial summary judgment on the labor exemption issue. *Id.* The court issues the present order solely in *Powell* to dispel any confusion about which holding applies to which case.

Defendants point to the court's latest order in *Powell* as evidence that the labor exemption issue was somehow determined in *Powell*. In that September 30, 1991, order, the court distinguished between the NFL's conduct before and after November 6, 1989, for purposes of class decertification. That delineation, however, was based on the parties' agreement, for purposes of the decertification motion, that the labor

exemption ended as of November 6, 1989. The court also applied its *McNeil* labor exemption holding in *Powell* in the September 30, 1991, order as it would have applied any other precedent; not as a prior holding in the *Powell* case.[2] After the Eighth Circuit's decision in *Powell*, this court has not issued another decision involving the labor exemption issue in *Powell* because since that time neither side has moved for partial summary judgment or for any other order relating that issue in the *Powell* case. Thus, after the Eighth Circuit's decision, *Powell* has no further record concerning the NFLPA's status that could be supplemented by the allegedly newly discovered evidence. The court reiterates that the NFLPA's status was only decided in *McNeil* and thus denies the defendants' motion to supplement the record in *Powell* and strikes the materials submitted by defendants from the *Powell* record.

■ Plaintiffs also seek to recover their costs, expenses and attorneys' fees pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. Such awards are at the court's discretion. *See, e.g., Chamber v. Nasco, Inc.,* — U.S. —, 111 S.Ct. 2123, 2132–33, 115 L.Ed.2d 27 (1991) (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)). Plaintiffs argue that defendants' motion in *Powell* is "utterly baseless" and nothing more than an attempt to improperly supplement the record in order to obtain appellate review of the NFLPA's status in *Powell* despite the Eighth Circuit's refusal to review that issue in *McNeil*. Defendants' summary of their issues on appeal in *Powell* supports plaintiffs' contentions.[3] The court con-

---

tion in *McNeil*. During oral argument, they retreated from that position and asserted that the *Powell* record should be supplemented merely because all of the NFL cases were "so intertwined."

**2.** The court also applied its *McNeil* holding as precedent in the *Five Smiths* case in its order dated June 27, 1991. *Five Smiths v. National Football League Players Ass'n*, No. 4–90–261, slip op. at 2 (D.Minn June 27, 1991). Although the court, in the *Five Smiths* order, referred to that prior decision as one in the *Powell* and *McNeil*

cases, by that reference the court did not intend to modify the clear wording of its May 23, 1991, decision that:

Plaintiffs' motion in *McNeil* for partial summary judgment is granted and defendants' labor exemption defenses as contained in the second and third defenses of their answer are hereby struck.

764 F.Supp. at 1360.

**3.** Defendants' Appeal Information Form, dated October 15, 1991, states that:

1. Did the District Court commit error when it granted plaintiffs' motion for partial sum-

cludes that defendants' motion to supplement the record in *Powell* is utterly baseless and escalates litigation costs "unnecessarily and vexatiously." *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 486 (8th Cir.1988) (quoting *Bastien v. R. Rowland & Co.*, 116 F.R.D. 619, 621 (E.D.Mo.1987)), *cert. denied*, 490 U.S. 1081, 109 S.Ct. 2101, 104 L.Ed.2d 662 (1989). Accordingly, based on Federal Rule of Civil Procedure 11 and its inherent powers, the court grants plaintiffs' request for costs, expenses and attorneys' fees in the amount of $12,395.75.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to supplement the record in *Powell* is denied and the materials submitted by defendants are struck from the *Powell* record; and

2. Plaintiffs' request for costs, expenses and attorneys' fees in the amount of $12,395.75 is granted.

See also 775 F.Supp. 1258, 775 F.Supp. 1269.

mary judgment and struck defendants' labor exemption defense as to plaintiffs' antitrust claims after November 6, 1989?

....

7. Did the District Court commit error in the manner in which it applied the nonstatutory labor exemption?

Defendants thus incorrectly represent to the Eighth Circuit that a motion for partial summary judgment was somehow decided in *Powell*, when in fact it was only filed and decided in *McNeil*.