(823 P.2d 219)
No. 66,506

BENNY L. EDMONDS and SHIRLEY J. EDMONDS, *Appellants*, v.
LAWRENCE NATIONAL BANK & TRUST CO., N.A., *Appellee.*

—

Opinion
filed December 20, 1991.

*Gary H. Hanson* and *Tom R. Barnes II*, of Stumbo, Hanson & Hendricks, of Topeka, for appellants.

*Donald E. Bucher* and *James F. Freeman III*, of Moore & Bucher, P.C., of Kansas City, Missouri, for appellee.

Before LEWIS, P.J., LARSON and RULON, JJ.

RULON, J.: Plaintiffs Benny and Shirley Edmonds appeal a decision of the district court which granted summary judgment to defendant Lawrence National Bank & Trust Co., N.A. We must decide two narrow issues: (1) Does the existence of federal sanctions for the filing of frivolous and malicious bankruptcy pleadings constitute an implicit rejection of state court remedies for a similar action; and (2) did the district court err in rejecting plaintiffs' claim for malicious prosecution by holding that action was premature? We affirm the judgment of the district court.

## UNDISPUTED FACTS

Plaintiffs tell us this case involves claims asserted by them against defendant for abuse of process and malicious prosecution arising from defendant's filing of a complaint to revoke plaintiffs' discharge granted by the U.S. Bankruptcy Court for the District of Kansas and defendant's filing of a replevin action in the District Court of Douglas County. Plaintiffs contend that defendant's primary purpose in filing these actions was to extract money from them for repayment of a debt which was previously discharged in bankruptcy or was never owed.

The district court granted summary judgment to defendant on plaintiffs' claims, reaching the following conclusions: (1) Fed. R.

Civ. Proc. 11 and Fed. R. Bankr. Proc. 9011 preempt state causes of action seeking sanctions for alleged misuse of process in bankruptcy court; and (2) plaintiffs failed to state a claim upon which relief could be granted for either abuse of process or malicious prosecution.

## STANDARD OF REVIEW

The standard of review of a decision granting summary judgment is stated in *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 306-07, 756 P.2d 416 (1988):

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.] The party opposing summary judgment, however, has the affirmative duty to come forward with facts to support its claim, although it is not required to prove its case. [Citations omitted.] If factual issues do exist, they must be material to the case to preclude summary judgment. [Citation omitted.]"

Furthermore, the law is well settled that our review of questions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

## PREEMPTION

The plaintiffs contend the district court erred in granting the defendant's summary judgment motion by holding that Fed. R. Civ. Proc. 11 and Fed. R. Bankr. Proc. 9011 preempt any state common-law actions for malicious prosecution or abuse of process arising from defendant's complaint to revoke plaintiffs' discharge filed in U.S. Bankruptcy Court. Plaintiffs do agree there are no contradicting facts regarding this issue.

"The Supremacy Clause of Art. VI of the Constitution provides Congress with the power to preempt state law." *Louisiana Public Service Comm'n v. FCC*, 476 U.S. 355, 368, 90 L. Ed. 2d 369, 106 S. Ct. 1890 (1986). One method utilized to determine if Congress has preempted state law is to consider whether federal legislation has comprehensively occupied the entire "field of regulation and [left] no room for the States to supplement federal law." 476 U.S. at 368.

Defendant cites *East-Bibb Twiggs Neighborhood v. Macon-Bibb Plan.*, 674 F. Supp. 1475 (M.D. Ga. 1987), for support that Rule 11 preempts state causes of action against abusive federal litigation. The *East-Bibb* court stated that:

"Congress has specifically addressed the problem of abusive litigation when it promulgated Rule 11 of the Federal Rules of Civil Procedure. By explicitly delineating what rights a defendant has when an abusive claim based upon federal law is brought against that party, Congress has simply pre-empted this entire area of the law . . . ." 674 F. Supp. at 1476-77.

Plaintiffs, on the other hand, argue that *East-Bibb* can be distinguished because there the court relied not only upon Rule 11, but on 42 U.S.C. § 1988 (1988) as it relates to frivolous actions regarding a 42 U.S.C. § 1983 cause of action. 674 F. Supp. at 1476.

The plaintiffs rely heavily on *Cohen v. Lupo*, 927 F.2d 363 (8th Cir. 1991), to support their contention that the area is not preempted by federal law. In *Cohen* a federal court awarded Rule 11 sanctions against eight plaintiffs. The defendants then sued the plaintiffs in federal court for the state cause of action for malicious prosecution. 927 F.2d at 364. The United States Court of Appeals for the Eighth Circuit found that Rule 11 sanctions have no res judicata effect on a claim for malicious prosecution. 927 F.2d at 365. The *Cohen* court stated that "Rule 11 is a procedural tool that under the Rules Enabling Act can not 'abridge, enlarge or modify any substantive right.' 28 U.S.C. § 2072." 927 Fed. 2d at 365. Plaintiffs further contend that while *East-Bibb* appears to state Congress has preempted the area of abusive litigation, *Cohen* states that "Rule 11 can not abridge the substantive state law of malicious prosecution, nor was it adopted to serve as surrogate for an action based upon a claim of malicious prosecution resulting from frivolous, harassing, or vexatious litigation." 927 F.2d at 365.

A federal case we believe more persuasive is *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir. 1987), where Gonzales filed for bankruptcy and Parks filed an action in a California state court alleging that the bankruptcy filing was an abuse of process. The court stated:

"Implicit in the Parkses' appeal is the notion that state courts have subject matter jurisdiction to hear a claim that the filing of a bankruptcy petition

constitutes an abuse of process. We disagree with that assumption. Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction. State courts are not authorized to determine whether a person's claim for relief under federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating. [Citation omitted.] . . . The ability collaterally to attack bankruptcy petitions in state courts would also threaten the uniformity of federal bankruptcy law . . . ." 830 F.2d at 1035.

We believe that the same principles enunciated in *Gonzales* for the filing of a bankruptcy petition apply to a complaint to revoke discharge filed in a U.S. Bankruptcy Court. In a recent California state court case, a debtor filed a malicious prosecution case against creditors who previously filed unsuccessful adversary proceedings in U.S. Bankruptcy Court seeking to prevent her from obtaining discharge of certain debts, *Idell v. Goodman*, 224 Cal. App. 3d 262, 273 Cal. Rptr. 605 (1990). The *Idell* court stated that "the reasoning of *Gonzales* bears repeating. The existence of federal sanctions for the filing of a frivolous and malicious bankruptcy pleading must be read as an implicit rejection of state court remedies." 224 Cal. App. 3d at 271.

We are persuaded by the reasoning of *Gonzales* and *Idell*. The district court did not err in holding that state court remedies are not available for seeking redress for allegations of frivolous and malicious bankruptcy actions.

## ABUSE OF PROCESS

As we understand it, plaintiffs' claim against defendant for abuse of process is based solely upon defendant's filing an action in bankruptcy court seeking revocation of plaintiffs' discharge in bankruptcy. As stated above, we adopt the doctrine of preemption articulated in *Gonzales* and *Idell* to reject state court action in this legal arena.

## MALICIOUS PROSECUTION CLAIM

Plaintiffs' claim for malicious prosecution is based on defendant's filing of a replevin action in state district court. The elements of an action claiming malicious prosecution are well settled. The plaintiff, to be successful, must prove:

"(a) That the defendant initiated, continued, or procured civil procedures against the plaintiff.
(b) That the defendant in so doing acted without probable cause.
(c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based.
(d) That the proceeding terminated in favor of the plaintiff.
(e) That the plaintiff sustained damages."
*Nelson v. Miller*, 227 Kan. 271, 276, 607 P.2d 438 (1980).

The district court granted summary judgment to defendant after finding no final adjudication in favor of plaintiffs had occurred in the defendant's replevin action against plaintiffs filed in state court. The district court found that this case had been stayed after bankruptcy proceedings were filed by plaintiffs. Plaintiffs do concede that the replevin action is currently pending in the District Court of Douglas County. Unquestionably, an essential element of an action for malicious prosecution is the favorable termination for plaintiffs of the challenged prior proceeding. *Hutchinson Travel Agency, Inc. v. McGregor*, 10 Kan. App. 2d 461, 463, 701 P.2d 977, *rev. denied* 238 Kan. 877 (1985). Thus, the district court did not err in granting defendant summary judgment concerning plaintiffs' malicious prosecution claim.

We have considered the other issues presented, but in light of the above, we need not reach them.

Affirmed.