**In re Bernard D. GLANNON,
Former Alleged Debtor.**

**Civ. A. No. 93–415–DES.**

United States District Court,
D. Kansas.

April 15, 1993.

Randolph G. Willis, Steven B. Moore, Watson, Ess, Marshall & Enggas, Olathe, KS, Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for former alleged debtor.

R. Pete Smith, McDowell, Rice & Smith, P.C., Kansas City, MO, Gregory J. Bien, Martha A. Peterson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Reid F. Holbrook, Holbrook, Heaven & Fay, P.A., Kansas City, KS, Susan L. McGreevy, Husch & Eppenberger, Kansas City, MO, for Garrett & Associates, Inc., James Garrett, Cheryl Myers, Oakview Treatment Center, Michael Myers, Edwin Carpenter, Carpenter, Weir & Myers Chartered, creditors, appellees.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on application by the former debtor in an involuntary bankruptcy proceeding, Bernard D. Glannon, for leave to take an interlocutory bankruptcy appeal. For the reasons set forth below, the application will be denied and the case will remain with the bankruptcy court.

This case began as an involuntary bankruptcy proceeding initiated in the United States Bankruptcy Court by Garrett & Associates against Bernard Glannon ("Glannon"). The action was later joined by other parties and an adversary proceeding was filed in the involuntary bankruptcy. The bankruptcy court ultimately found that several of the petitioning creditors had acted in bad faith in filing the case and the action was dismissed. The bankruptcy court retained jurisdiction to determine any claims for damages under 11 U.S.C. § 303(i), Fed.R.Civ.P. 11 or Bankruptcy Rule 9011.

In conjunction with the action for damages as a result of this proceeding, Glannon requested that the bankruptcy court transfer this action to the district court[1], that he be granted a jury trial, that he be allowed to conduct discovery and that all of his claims be joined in one action. These claims include state law tort claims against the petitioning creditors and others.[2] The bankruptcy court denied Glannon's requests. Glannon now requests that this court allow him to take an appeal to address these issues.

Under 28 U.S.C. § 158(a), an interlocutory appeal may be taken only with leave of the court. In determining whether to hear an interlocutory appeal, many courts have relied by analogy upon 28 U.S.C. § 1292(b), contrary to Glannon's position. *In re Blinder Robinson & Co.*, 132 B.R.

759, 764 (D.Colo.1991). The appeal should, therefore, involve a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

■ As an initial matter, there is no question that the bankruptcy court has the authority to retain jurisdiction for the purpose of awarding costs, attorney's fees and damages after dismissal of an involuntary bankruptcy proceeding. 11 U.S.C. § 303(i); *In re Cooper School of Art, Inc.*, 709 F.2d 1104 (6th Cir.1983). The court finds Glannon's arguments to the contrary to be without merit.

■ Further, the court finds that an appeal at this time is not warranted. It is questionable whether Glannon will be able to maintain his state law tort causes of action in Case No. 93–2026–DES arising out of the bankruptcy proceeding. *Edmonds v. Lawrence Nat'l Bank & Trust Co.*, 16 Kan.App.2d 331, 823 P.2d 219 (1991). Thus, ruling on the issues which would be presented, including the right to join all claims and the right to a jury trial, would not materially advance the termination of the litigation. While the ruling on the state law torts must be left for another day, Glannon is advised to determine if those causes of action are well grounded in fact and warranted by existing law or a good faith argument. The court emphasizes it is not ruling on the validity of those claims, but under *Edmonds* the court has serious questions regarding the validity of the claims.

Based upon these doubts, the court deems the appropriate action at this time is to allow the United States Bankruptcy Court to rule on the damages issue pursu-

---

1. Glannon argues that the bankruptcy court erred by acting on his request to transfer because only a United States District Court may withdraw reference. The court will construe the bankruptcy court's denial as a recommendation that the case not be transferred.

2. Glannon also recently filed a civil action, Case No. 93–2026–DES, which has been transferred to this court. The parties to the action are virtually identical and the claims in that case arise out of the bankruptcy proceeding. The court is, therefore, aware of the action and took that case into consideration in ruling on this application.

ant to 11 U.S.C. § 303(i). The bankruptcy court is the appropriate forum to litigate this issue, having found bad faith, and the parties may then later appeal.

**IT IS BY THE COURT THEREFORE ORDERED** that former debtor Bernard Glannon's application to take an interlocutory appeal from the United States Bankruptcy Court is denied.