[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants Marc and Emmanuel Gottesdiener move for summary judgment as to both counts of the plaintiff's complaint.
On October 24, 1995, the plaintiff, Tiago C. Senna, filed a revised complaint against the defendants Marc and Emmanuel Gottesdiener. The first count alleges vexatious litigation. The second count is brought pursuant to General Statutes §52-568, which provides for damages in actions claiming vexatious suits or defenses.
Senna alleges the following facts in the revised complaint. The Gottesdieners brought an action by a complaint dated December 18, 1990 (the "underlying action") against Senna to foreclose on a judgment lien which they had caused to be recorded in their favor. In the underlying action, the CT Page 2527 Gottesdieners claimed that they had obtained a judgment against Senna in the amount of $105,000.00. The Gottesdieners had, in fact, never obtained such a judgment. When the Gottesdieners commenced the underlying action, they knew that they had not obtained the judgment. On February 18, 1991, the underlying action was resolved in favor of Senna. The underlying action was brought without probable cause and with malicious intent to unjustly vex and trouble Senna. As a proximate result of the Gottesdieners' actions, Senna was forced to incur expenses, including attorney's fees and costs, to defend the underlying action.
The Gottesdieners filed an answer and special defenses on November 20, 1995. The first special defense alleges res judicata, and the second special defense claims that the Gottesdieners relied in good faith on the advice of their attorney in the underlying action, regarding the commencement of that action.
On June 12, 1995,[1] the Gottesdieners filed a motion for summary judgment along with a memorandum of law in support and the following documents: the Gottesdieners' Requests for Admission, a copy of Senna's Motion for Expenses and Costs from the underlying action, a copy of a Bill of Costs from the underlying action, and a certified transcript of a hearing concerning the award of counsel fees to Senna's attorney. On December 18, 1995, Senna filed a memorandum of law in opposition to the motion, along with Requests for Admission. The Gottesdieners then filed a supplemental memorandum of law dated December 15, 1995.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202, 662 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citation omitted; internal quotation marks omitted.) Id. "A motion for summary judgment shall be supported by supporting documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. "Because res judicata. . . CT Page 2528 if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R. G. Whipple, Inc., 225 Conn. 705,712, 627 A.2d 374 (1993).
The Gottesdieners move for summary judgment claiming that the doctrine of res judicata precludes Senna from maintaining this cause of action because Senna's attorney was awarded $1,000.00 in attorney's fees in a prior action (the underlying action) between the parties. The Gottesdieners maintain that in the prior action, Senna obtained a judgment against the Gottesdieners when the court, O'Connor, J., ordered "counsel fees of $1,000.00 are to be awarded to Steven L. Seligman [Senna's attorney]." (Motion for Expenses and Costs, Superior Court, February 20, 1991). The Gottesdieners contend that they paid the judgment and taxable costs. The Gottesdieners further claim that the judgment was rendered on Senna's Motion for Expenses and Costs. The Gottesdieners claim that both Senna's Motion for Expenses and Costs in the underlying action and Senna's current action are predicated on the same transaction, namely the Gottesdieners' judgment lien foreclosure action. Therefore, the Gottesdieners contend that res judicata bars the present action.
In opposition, Senna notes that he has brought no prior claim against the Gottesdieners, and he asserts that the payments ordered against the Gottesdieners were sanctions for their own false statements. Senna contends that the beneficiary of these sanctions was not himself, rather his attorney. Finally, Senna maintains that the factual predicate underlying the Motion for Expenses and Costs is entirely different from that of the present vexatious litigation action.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Emphasis added; internal quotation marks omitted.) Demilo Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 292,659 A.2d 162 (1995). "Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . ." (Internal quotation marks omitted.) Jacksonv. R.G. Whipple, Inc., supra, 225 Conn. 713. This doctrine expresses "no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally CT Page 2529 decided, it comes to rest." (Internal quotation marks omitted.) Id., 712.
"It is part of the court's inherent power to provide for the imposition of reasonable sanctions to compel the observance of its rules." (Internal quotation marks omitted.)Fattibene v. Kealey, 18 Conn. App. 344, 359, 558 A.2d 677
(1989). Moreover, Practice Book § 111 provides in part that "[a]ny allegation. . . made without reasonable cause and found untrue shall subject the party pleading the same to the payment of such reasonable expenses, to be taxed by the court, as may have been necessarily incurred by the other party by reason of such untrue pleading. . . . Such expenses shall be taxed against the offending party whether he prevails in the action or not."
There is a lack of Connecticut Appellate precedent regarding the issue of whether awarding sanctions pursuant to Practice Book § 111 has a res judicata effect on a subsequent vexatious litigation action. "[O]n occasion our Supreme Court has looked to federal rules for guidance in deciding cases. . . ."Fattibene v. Kealey, supra, 18 Conn. App. 356, citingState v. Nardini, 187 Conn. 513, 526, 447 A.2d 396 (1982). Practice Book § 111 is arguably similar in nature to Federal Rule 11. Both allow sanctions for attorney misconduct, namely the pursuit of frivolous or malicious litigation.
In Cohen v. Lupo, 927 F.2d 363 (8th Cir. 1991), cert. denied, 502 U.S. 861, 112 S.Ct. 180 (1991), the United States Court of Appeals addressed whether awarding sanctions pursuant to Federal Rule 11 has a res judicata effect on a subsequent malicious prosecution action. In that case, Cohen was sued unsuccessfully by Lupo and others on "unmeritorious allegations of securities fraud. . . ." Id., 364. The district court granted summary judgment in Cohen's favor. Id. Cohen then moved for sanctions against the plaintiffs under Federal Rule 11. In its Rule 11 decision, the court determined that the underlying litigation had been pursued "in a manner that escalated costs unnecessarily and vexatiously. (Internal quotation marks omitted.) Id. Consequently, the court awarded $100,000 under Rule 11 as a sanction against Lupo and his co-plaintiffs for bad faith conduct. Id.
Following the Rule 11 action, Cohen filed a malicious prosecution action to recover nearly $1 million in fees and CT Page 2530 costs incurred in defending the underlying, original action.[2]
Id. The district court dismissed the complaint on the ground of res judicata, stating that the Rule 11 sanctions against Lupo and his co-plaintiffs barred Cohen's malicious prosecution claim. Id. Cohen appealed this decision to the Circuit Court.
The Circuit Court determined that the Rule 11 action did not have a res judicata effect on the subsequent malicious prosecution action because the later did not "raise the same claim" that the Rule 11 action involved. Id., 365. Cohen's malicious prosecution claim was "not actually litigated" and "could not properly [have] been raised and determined" in the Rule 11 action. Id. In addition, the court stated that "Rule and the tort of malicious prosecution differ in their nature, the elements of the claims, and the potential remedies." Id.
In the present case, the court awarded attorney's fees in the underlying action as sanctions under Practice Book § 111. Now, Senna has brought this separate action to recover for the alleged vexatious litigation. Guided by the reasoning inCohen v. Lupo, supra, this court concludes that Senna's vexatious litigation claims do not "raise the same claim" as the underlying action. Senna's vexatious litigation claims have not been "actually litigated," and they could not properly [have] been raised and determined" in the underlying action. Awarding sanctions pursuant to Practice Book § 111 does not have a res judicata effect on a subsequent vexatious litigation claim.
Accordingly, the defendant's motion for summary judgment is denied.
Hennessey, J.