Heather JOHNSON

v.

**WAYNE MANOR APARTMENTS, and Lincoln Management Company and Irving Goldstein.**

No. 93–CV–1524.

United States District Court, E.D.Pennsylvania.

Nov. 29, 1993.

John R. Brown, Labrum and Doak, Philadelphia, PA, for plaintiff.

John J. O'Brien, O'Brien & O'Brien Associates, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case is once again before this Court upon motion of the plaintiff to compel the depositions of the defendants' representatives and employees, David Goldstein and Elmer Mercado and for the imposition of sanctions against the defendants for terminating the previously scheduled depositions of those individuals without substantial justification. Defendants have responded to that motion and have cross-filed a motion for protective order pursuant to Fed.R.Civ.P. 26. In accordance with the rationale set forth in the paragraphs which follow, the plaintiff's motion shall be granted while the defendants' motion is denied.

## I. STATEMENT OF RELEVANT FACTS

This is essentially a negligence action which arose in July, 1991 when the plaintiff, Heather Johnson, was sexually assaulted and robbed in the bedroom of the apartment which she was renting at the defendant Wayne Manor Apartments. According to the allegations contained in the complaint, the plaintiff's unknown assailant gained entry to her apartment in the early morning hours of July 13, 1991 by scaling the fire tower adjacent to her kitchen window and slicing through the window screen. Unlike most of the other apartments in plaintiff's building which were equipped with security bars on those windows to which access was possible from either the ground or the fire tower, plaintiff's apartment windows were not barred and it is on the basis of this omission that it is alleged that defendants breached the duty of care which they voluntarily assumed to provide plaintiff with an apartment in a secured building.

On November 8, 1993, plaintiff's counsel sought to take the deposition of David Goldstein, the owner and sole proprietor of both the Wayne Manor Apartments and the Lin-

coln Management Company. At the inception of the deposition and in reliance upon the July 29, 1993 decision by Judge Gawthrop of this bench in the case of *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa. 1993), plaintiff's counsel instructed the witness to ask him, rather than his attorney, for any clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. Plaintiff's counsel further advised Mr. Goldstein that under Judge Gawthrop's decision, he was no longer permitted to consult with counsel at any time during the deposition, except where the anticipated answer to a question would involve disclosing material protected by the attorney-client privilege.

By way of her motion now, Ms. Johnson alleges that notwithstanding her counsel's instructions and adherence to the guidelines set forth in the *Hall* decision, defense counsel several times objected to plaintiff's counsel's questions in such a way as to suggest answers to and coach his client into giving testimony which was favorable to him and directed Mr. Goldstein to not answer certain of the questions posed. Insofar as Mr. O'Brien thereafter unilaterally terminated Mr. Goldstein's deposition and refused to permit the deposition of Mr. Mercado to go forward, Plaintiff submits that sanctions are appropriately imposed against the defendants and their attorney and asks that these witnesses be ordered to re-submit to deposition. Plaintiff additionally requests that the deadline for discovery in this case be extended for a minimum period of 60 days so as to enable these depositions to be rescheduled to a mutually convenient time and place.

For their part, Defendants submit that their counsel's actions were justified since the questions posed were of a misleading and inaccurate nature. Defendants ask that this Court enter an order decreeing that their counsel "may object to questions that are misleading or contain facts not in evidence or facts that are in error such as the question relating to bars on the rental office and bars being purchased when that is not so."

## II. *DISCUSSION*

As was true in *Hall*, the case at bar involves the interplay of several of the Federal Rules of Civil Procedure governing discovery. Fed.R.Civ.P. 26, entitled *General Provisions Governing Discovery*, permits discovery concerning any unprivileged matter which is relevant to the subject matter of the action to be obtained by a wide variety of methods such as depositions, interrogatories, requests for admissions, etc. Under Rule 26(f), the court is empowered to "direct the attorneys for the parties to appear before it for a conference on the subject of discovery ..." and, after the discovery conference has been held, "to enter an order tentatively identifying the issues for discovery purposes, establishing a plan and schedule for discovery, setting limitations on discovery ... and determining such other matters, including the allocation of expenses, as are necessary for the proper management of discovery in the action ..."

Fed.R.Civ.P. 30, in turn, governs the taking of depositions and generally allows "any party [to] take the testimony of any person, including a party, by deposition upon oral examination." Subsections (c) and (d) of that rule provide, in pertinent part:

**(c) Examination and Cross-Examination; Record of Examination; Oath; Objections.** Examination and cross-examination of witnesses may proceed as permitted at trial under the provisions of the Federal Rules of Evidence.... All objections made at the time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objection to the proceedings, shall be noted by the officer upon the depositions. *Evidence objected to shall be taken subject to the objections.*

**(d) Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent *and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party,* the court in which the action is pending or the court in the district where the deposition is being taken may

order the officer conducting the deposition to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).... (emphasis supplied)

Rule 26(c) outlines the standards to be applied where a motion for a protective order is being sought:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

Finally, Rule 37 prescribes the remedies available to an aggrieved party against another party or person who fails or refuses to make or cooperate in the discovery process. Rule 37(a)(2) provides that if a deponent fails to answer a question in the course of an oral or written question deposition, a party may move for an order compelling that individual to respond. When taking an oral deposition, the proponent of the question may complete or adjourn the examination before applying for an order. Moreover, under Rule 37(a)(4), "if the motion [to compel] is granted, the court *shall* (after opportunity for hearing) require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

■ Applying all of the aforecited rules to the instant motion and the attached transcript from Mr. Goldstein's deposition, we now find the transcript reveals numerous instances in which defense counsel improperly "objected to the form of the question" by either suggesting what he apparently believed to be an appropriate answer to his client or himself testifying. (Deposition Transcript of David Goldstein, dated 11/8/93 at 29, 31, 32, and 51–53). Indeed, we are in agreement with Judge Gawthrop's pronouncement in *Hall* that:

"The underlying purpose of a deposition is to find out what a witness saw, heard, or did—what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers."

150 F.R.D. at 528.

■ If to Mr. Goldstein's knowledge or in his opinion the premises were already secure, that no security "program" was either necessary at the apartments or already in place, that there had been no prior reports of crime by any of the tenants or that the complex's maintenance people had purchased the materials and then made the security bars to be put into place on the apartments' windows, he could have so testified and should have had the opportunity to do so. By virtue of his counsel's "objections," however, he was denied this opportunity and instead what plaintiff's counsel has effectively "discovered" is the opinion and concomitant testimony of the defendants' attorney. As defense counsel himself acknowledged on page one of his Motion for Protective Order, the deponent could have been cross-examined if there were any inconsistencies or factual errors on the record or he could have immediately moved the court for a protective order or a ruling as to the propriety of the disputed questions under Fed.R.Civ.P. 30(d). In any event, Fed.R.Civ.P. 30(c) clearly states that the evidence objected to should have been taken subject to the objections and thus unilaterally terminating the deposition as Mr. O'Brien did was clearly inappropriate behavior.

■ In light of all of the foregoing and insofar as Defendants' reply to the plaintiff's Motion to Compel Deposition and For Sanctions neither contests the amount of plaintiff's counsel fees and costs nor requests a hearing on the issue, plaintiff's motion to compel and for sanctions shall be granted and defendants' motion for a protective order

shall be denied pursuant to the following order.

## ORDER

AND NOW, this 29th day of November, 1993, upon consideration of Plaintiff's Motion to Compel Depositions and For Sanctions and Defendant's Cross–Motion for Protective Order, it is hereby ORDERED that Plaintiff's Motion is GRANTED, the Defendants' Motion is DENIED, David Goldstein and Elmer Mercado are DIRECTED to re-submit to deposition upon notice issued within thirty (30) days of the date of this Order and Defendants and their counsel John J. O'Brien, Jr., Esquire are DIRECTED to pay to plaintiff and her counsel, John R. Brown, Esquire the sum of $1,314.20 as sanctions for unilaterally terminating the previously scheduled depositions of Messrs. Goldstein and Mercado within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that the deadlines set forth in the Amended Scheduling Order of October 5, 1993 are extended for an additional period of sixty (60) days.