Joyce VAN PILSUM, Plaintiff,

v.

IOWA STATE UNIVERSITY OF SCIENCE AND TECHNOLOGY; et al., Defendants.

No. 4–92–CV–70619.

United States District Court, S.D. Iowa, C.D.

Dec. 3, 1993.

John Barrett, Des Moines, IA, for plaintiff.

Steve Young, Des Moines, IA, for defendants.

## ORDER ON MOTION TO COMPEL, MOTION TO EXTEND DEADLINES, AND SETTING TRIAL

BREMER, United States Magistrate Judge.

This matter comes before the Court on Defendants' Motion to Compel and for Sanctions (# 13) filed October 29, 1993, which is orally resisted, and Plaintiff's resisted motion to extend scheduling deadlines (# 15) filed November 1, 1993. Hearing on the motions was held December 2, 1993. Appearing were John Barrett for Plaintiff and Steve Young for Defendants.

Based upon arguments of counsel and a review of the file the Court FINDS:

1. *Motion to Extend Deadlines:* This motion is granted, as there is sufficient time to complete additional discovery before the case will be tried. It is ordered that the pretrial deadlines are hereby extended as follows:

a) Pleadings and all discovery completed by: May 2, 1994.

b) Expert witnesses: Plaintiff's listed by December 15, 1993; Defendants' listed by February 1, 1994.

c) All dispositive motions are due June 1, 1994.

d) A settlement conference shall be set by separate order and will be held at 1:30 p.m. on May 4, 1994.

2. The case is set for trial September 24, 1994, and Final Pretrial Conference before the undersigned at 1:30 p.m. on August 26, 1994. An order setting forth the requirements for Final Pretrial Conferences will be sent to the parties by the Clerk of Court. This is a five-day jury trial.

3. *Motion to Compel.*

Plaintiff's deposition was properly noticed pursuant to Fed.R.Civ.P. 30 and commenced October 28, 1993; it was conducted over the course of six hours from 10:10 a.m. through 5:45 p.m., with recesses for lunch and other breaks. Plaintiff's deposition was not completed when it was adjourned. Plaintiff is a 68–year–old woman with a master's degree who held a position of Assistant to the President of Iowa State University, with a salary of $60,500 in 1992. She alleges she was wrongfully terminated from this position due to age discrimination. From a review of the transcript of the deposition, it appears she has no difficulties understanding or communicating in the English language. However, her counsel, Mr. Barrett repeatedly took it upon himself to restate Defendants' counsel's questions in order to "clarify" them for the Plaintiff. Mr. Barrett consistently interrupted Mr. Young and the witness, interposing "objections" which were thinly veiled instructions to the witness, who would then incorporate Mr. Barrett's language into her answer. "The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness." *Hall v. Clifton Precision,* 150 F.R.D. 525, 527 (E.D.Pa.1993).

Counsel for both parties engaged in extensive colloquy which interrupted the flow of the deposition, and made for inefficient use of everyone's time. Mr. Barrett repeatedly objected to the form of Mr. Young's questions. He also engaged in *ad hominem* attacks on Mr. Young's ethics, litigation experience, and honesty.[1] In the course of the 167 page deposition, there are only four segments where five or more pages occur without an interruption from Mr. Barrett; the longest of these is nine pages. In fact, of the 4025 lines of transcript, only seventy percent contain questions by Mr. Young and answers by Ms. Van Pilsum. The balance is discussion, argument, bickering, haranguing, and general interference by Mr. Barrett (818 lines) and response by Mr. Young (340 lines); there are numerous instances where the reporter is required to read back a question due to the length of time between the question and the witness' opportunity to answer.

The style adopted by Mr. Barrett, and responded to in kind by Mr. Young, has

---

1. For a few examples of this discourse see Van Pilsum deposition: p. 8, 11. 12–20; p. 9, 11. 9– 25; p. 51, 11. 7–25; p. 63, 11. 1–5; p. 85, 11. 10–15; p. 91, 11. 2–25; p. 111, 11. 21–25.

become known as "Rambo Litigation."[2] It does not promote the "just, speedy and inexpensive determination of every action," as is required by Fed.R.Civ.P. 1. This style, which may prove effective out of the presence of the court, and may be impressive to clients as well as ego-gratifying to those who practice it, will not be tolerated by this court. Merely because depositions do not take place in the presence of a judge does not mean lawyers can forget their responsibilities as officers of the court. They should conduct themselves accordingly.

There was no justification for Mr. Barrett to monopolize 20% of his client's deposition. The "objections" made were for the most part groundless, and were only disputatious grandstanding. This resulted in Mr. Young's *tu quoque* reaction of declaring that scheduling order deadlines would be strictly adhered to (even though this case was not set for trial and extensions are freely granted), and withdrawing his offer to make Defendant Jischke available for deposition.

Defendants' motion to compel and for sanctions is granted. As the Court is allowing additional discovery, a protective order pursuant to Fed.R.Civ.P. 26(c) and 30(d) to prevent this style from being used in other depositions is appropriate. Therefore, it is ordered:

1. Pursuant to Fed.R.Civ.P. 37(a)(4) Plaintiff's counsel shall personally pay $298.13 to counsel for Defendants, which is fifty percent of the cost of the deposition. This is the court's apportionment of the time and effort wasted due to Mr. Barrett's tactics.

2. Plaintiff's deposition shall be rescheduled, and shall be completed in four hours. This should be possible as there will be few interruptions from Mr. Barrett, because *all* further depositions shall take place in the presence of a discovery master.

3. The discovery master shall be appointed in a separate order. The cost of the discovery master for the completion of Plaintiff's deposition shall be borne solely by Mr.

Barrett personally; the subsequent costs of the master shall be split equally by the parties.

4. All future depositions in this case shall take place in the United States Courthouse in Des Moines, Iowa. Counsel can coordinate room availability with the Clerk's office.

5. Plaintiff's counsel is not required to pay the expense of the second deposition.

The use of a discovery master is rare in this district. However, the acrimony which exists between these counsel does not serve their clients or the justice system. It necessitates the provision of day care for counsel who, like small children, cannot get along and require adult supervision. Although this is an added expense to the clients it will save time and money in the long run by the more efficient progress of discovery and the elimination of time spent in motions to compel.

**IT IS SO ORDERED.**

---

**2.** *See Judicial Conference, Federal Circuit,* 146 F.R.D. 205, 216–232 (1992), for a discussion of the causes and solutions to this syndrome. *See also Interim Report of the Committee on Civility of the Seventh Federal Judicial Circuit,* 143 F.R.D. 371 (1991); *Final Report of the Committee on Civility of the Seventh Federal Judicial Circuit,* 143 F.R.D. 441 (1992).