Willie ARMSTRONG, Plaintiff,

v.

HUSSMANN CORPORATION, Defendant.

No. 4:92CV0852 CAS.

United States District Court,
E.D. Missouri,
Eastern Division.

May 10, 1995.

Allen I. Harris, St. Louis, MO, Mark J. Bremer, Partner, Kohn and Shands, St. Louis, MO, Thomas S. Hyatt, Thomas S. Hyatt and Associates, Bridgeton, MO, Robert J. Reinhold, Managing, St. Louis, MO, for plaintiff.

David W. Bachman, Mark J. Bremer, Partner, Monica J. Allen, Kohn and Shands, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

SHAW, District Judge.

This employment discrimination case is before the Court on Willie Armstrong's motion to compel [45]; Hussmann Corporation's motion to compel [48]; Armstrong's motion in limine [59]; Hussmann's motion to dismiss or to strike [60]; and Hussmann's five motions in limine [64] through [67], inclusive.

## I. Background.

This case has its origins in the discharge of Willie Armstrong ("Plaintiff") from the employ of Hussmann Corporation ("Defendant") in July 1991. Plaintiff alleges that he was discharged on the basis of his race and in retaliation for his advocacy of his and other employees' civil rights, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.[1] Defendant contends that Plaintiff was discharged because he was insubordinate.

Whatever the merits of the case may be, they have become subservient to the parties' discovery disputes.

By order entered in September 1994, the Court set this case for trial on February 13, 1995[2]; by separate order entered the same day, the Court ordered that all discovery was to be completed on or before 30 days prior to trial—Friday, January 13. On Tuesday, January 17,[3] Plaintiff filed his motion to compel (1) an answer to a third request for production of documents seeking "[a]ll records and documents that constitute the personnel or employment file of all persons who worked in Defendant's St. Louis Plant who were discharged by the Defendant during the period January 1, 1988, to January 1, 1992," and (2) the production of four witnesses for a deposition on January 20, 1995.

Defendant opposes the motion, noting, correctly, that neither of the sought-after discovery requests complied with the January 13 deadline. Defendant additionally argues that the request for the production of the records is overly burdensome because hundreds of employees were terminated during the requested time period.

Defendant also moves to compel. Citing opposing counsels' behavior during depositions, Defendant seeks an order (a) authorizing Defendant to redepose (i) two witnesses at whose original deposition opposing counsel directed or advised each not to answer a

---

1. Plaintiff also alleged that his discharge violated the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 et seq., and 42 U.S.C. § 1981. These allegations were dismissed by order of the Honorable Edward L. Filippine in September 1993.

2. The case was subsequently removed from the February 13, 1995, trial docket; the case will be soon reset for trial.

3. Monday January 16, 1995, was a legal holiday.

question and neither did, (ii) five witnesses at whose original deposition opposing counsel made suggestive or argumentative statements or "coached" the witness, and (iii) five witnesses at whose original deposition opposing counsel refused to produce a copy of the witness's prior statement; (b) compelling two witnesses to answer deposition questions they previously refused to answer; (c) compelling the production of the prior statements referred to above; (d) directing opposing counsel to comply with the Federal Rules of Civil Procedure and to otherwise behave themselves;[4] and (e) requiring counsel and Plaintiff to, jointly and severally, pay Defendant for the fees it incurred as a direct result of counsels's foregoing behavior.

Plaintiff opposes Defendant's motion, and, in turn, takes issue with Defendant's counsel's deposition tactics.[5]

Both parties have filed motions in limine. Additionally, Defendant moves to dismiss this case on the grounds that Plaintiff failed to comply with Rule 16 of the Federal Rules of Civil Procedure and with Rule 13 of the Local Rules of the United States District Court for the Eastern District of Missouri.[6]

## II. Discussion.

Rule 1 of the Federal Rules of Civil Procedure mandates that the Rules are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." It is with this mandate in mind that the Court examines the pending discovery motions.

### A. Defendant's Motion to Compel.

Plaintiff was deposed on November 22 and 23, 1993; on April 2, 1994; and again on October 27, 1994. During each deposition, Plaintiff's two attorneys frequently, and often together, interrupted the questioning of their client. Defendant seeks sanctions for the interruptions. Plaintiff attributes the interruptions to advocacy—the Court disagrees.

Plaintiff's attorneys's interruptions took several forms—they repeatedly instructed their client not to answer a question; interposed "objections" which were then incorporated by Plaintiff into his answers; restated questions in order to "clarify" them for Plaintiff; and whispered with, and pointed out portions of documents to, Plaintiff.

Specifically, Plaintiff's attorneys instructed their client not to answer a variety of questions, including a question whether he suspected, or had reason to, that he was suspended on a certain date[7]; whether, based

---

4. Defendant specifically seeks an order compelling opposing counsel to cease and desist from instructing or advising deponents not to answer questions and from making any suggestive, argumentative or lengthy objections or statements in the presence of deponents or otherwise coaching deponents on or off the record.

5. Plaintiff specifically alleges that Defendant's counsel took over 30 hours of depositions of Plaintiff, asked many repetitive questions, repeatedly went over numerous documents, and sought to embarrass and demean Plaintiff. The Court finds these allegations to be without merit.

6. Rule 13(A) provides, in relevant part:
   The failure of any party to comply with said order [setting forth the form for the pretrial compliance] may result in the application of sanctions by the Court, including, but not limited to, dismissal of the action, entry of a default judgment, or restrictions on the admissibility of certain evidence, as described in the order.

7. One such objection, taking 60 lines of deposition, was as follows:

Mr. Bremer, Defendant's counsel, asked: Setting aside certainties, did you have the suspicion or a reason to believe or inkling any time before that date that in fact you had been suspended on July 26th?
Mr. Reinhold and Mr. Hyatt, Plaintiff's attorneys, interrupted with:
Mr. Reinhold: I think he already answered the question.
Mr. Hyatt: And I would add—
Mr. Reinhold: It's repetitious. He answered the question that on July 26th he didn't know.
Mr. Hyatt: Furthermore, aside from being asked and answered already, I would add and further object that it calls for speculation and is irrelevant and immaterial.
Mr. Bremer: Are you directing the witness not to answer the question?
Mr. Reinhold: As to what his suspicions were, yes.
Mr. Hyatt: As to what his suspicions were, yes.
Mr. Bremer: As to the question that's on the floor, are you directing him not to answer it?
Mr. Reinhold: Yes.
Mr. Hyatt: Yes, as to what his suspicions were as to when he was suspended, as to when he

upon his experience at Defendant, the facts as alleged by Defendant were insubordination[8]; what a 1987 guilty plea was to[9]; whether Plaintiff had a factual basis for several allegations in his amended complaint[10]; whether it was Plaintiff's understanding that an arbitrator had found Defendant guilty of racial discrimination in a prior discharge[11] or had found Plaintiff's behavior, cited as the reason for the prior discharge, to be permissible[12]; and whether he had filed a grievance, charges, or complaints against, or had been disciplined by, his current employer.[13]

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery of any information "relevant to the subject matter of the action." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Thus, instructions to a deponent not to answer certain questions are generally inappropriate. *See Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 557 (S.D.N.Y.1994). Such instructions are appropriate, according to

Rule 30(d)(1) of the Federal Rules of Civil Procedure, when necessary (1) to preserve a privilege, (2) to enforce a limitation on evidence directed by the court, or (3) to present a motion requesting the termination of a deposition being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party.

The questions which Plaintiff's attorneys instructed him not to answer did not threaten disclosure of privileged evidence, *cf. In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir.1994) (documents provided to party's law firm in civil conspiracy case protected by privilege); did not violate a court-ordered limitation; and were not propounded in bad faith, *cf. EEOC v. Ey*, 1994 WL 376273 (E.D.Mo. May 19, 1994) (questions in employment discrimination case about whether plaintiff had lied to wife about affair with co-worker were inappropriate and meant to annoy or harass).

Rule 30(d)(1) also provides that, "Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner." Plaintiff's attorneys consistently failed to heed this directive. Their objections often suggested answers to their client.[14]

---

was fired, as to his direct knowledge. Yes, we're instructing him not to answer.
Mr. Bremer: And the grounds for not allowing me to have an answer to the question of whether he was suspended or had any reason to believe or inkling? Why he is not being permitted to answer?
Mr. Reinhold: Because it calls for a suspicion.
Mr. Hyatt: It calls for speculation. It's irrelevant and immaterial. The question has already been asked as to what point he was certain. As I said, it was irrelevant as to when he became suspicious of when he was—when he became—when he was suspended as opposed to actually knew when. It's already been asked and answered.
Mr. Reinhold: Suspicions are nebulous.
Mr. Hyatt: And are not probative of anything, therefore irrelevant and immaterial.
Plaintiff's attorneys' colloquy continued for two more pages before they responded directly to the inquiry whether they were instructing their client not to respond to the question.

8. The question was, "Can we agree that based on your experience in the Hussmann workplace, that if you had been given an opportunity to remove it [a T-shirt that read: "Don't like my attitude? Dial 1–EAT–SHIT"] or turn it around or go home and change it or whatever, and you

had refused to do so, that would be insubordination?" (Armstrong Depo. Vol. I, p. 71).

Plaintiff's attorneys' response comprised 78 lines of deposition testimony.

9. *See* Armstrong Depo., Vol. I, p. 98, 1.6–7.

10. *See* Armstrong Depo. Vol. I, p. 98.

11. *See* Armstrong Depo., Vol. I, pp. 108–109.

12. *See* Armstrong Depo., Vol. II, pp. 112–114.

13. *See* Armstrong Depo., Vol. IV, pp. 7–9.

14. The following is a typical example of Plaintiff's attorneys's suggestive objections;

Mr. Hyatt: Objection, I believe his testimony has been that he never did refuse to take off the T-shirt, he merely questioned it. His prior testimony was that before he had a chance to react one way or the other, that security was called and he was ordered to be walked out of the doors. So that's a mischaracterization of his testimony.
After Mr. Bremer's question was read back to the Plaintiff, the Plaintiff answered, "I never refused."

■ In general, counsel should not engage in any conduct during a deposition that would not be allowed in the any presence of a judicial officer. *Van Pilsum v. Iowa State Univ. of Science and Technology*, 152 F.R.D. 179, 180 (S.D.Ia.1993); *Hall v. Clifton Precision, a Div. of Litton Systems, Inc.*, 150 F.R.D. 525, 530 (E.D.Pa.1993) (citing Proposed Amendments to Federal Rules of Civil Procedure and Form, H.R.Doc. No. 74, 103rd Cong., 1st Sess., at 261–263 (April 22, 1993)). Because attorneys are prohibited from making any comments, either on or off the record, in the presence of a judicial officer, which might suggest or limit a witness's answer to an unobjectionable question, such behavior is likewise prohibited at depositions. *See id.* at 530–531.[15]

■ Attorneys are also prohibited from acting as an intermediary during their client's deposition—from interpreting opposing counsel's questions; having private conferences with their client during the deposition; and conferring with their client about a document presented by the deposing attorney. *See id.* at 528–529. Plaintiff's attorneys interpreted[16] and conferred.[17]

■ The Court finds that Plaintiff's attorneys violated Rule 30(d)(1), and, accordingly, will grant Defendant's Motion to Compel. Moreover, the Court will, as requested by Defendant, set forth in its order certain restrictions on Plaintiff's attorneys's future deposition conduct.

■ The Court will also, pursuant to 28 U.S.C. § 1927,[18] order Plaintiff's attorneys, jointly and severally, to reimburse the Defendant the costs of attorney fees it incurred because of Plaintiff's attorneys's prior deposition conduct of interrupting, as delineated above, Defendant's counsel in the depositions taken by Defendant.

■ Section 1927 requires both a finding of objectively unreasonable behavior and a finding of bad faith. *See NAACP—Special Contribution Fund v. Atkins*, 908 F.2d 336, 340 (8th Cir.1990). *See also Burull v. First Nat'l Bank*, 831 F.2d 788, 790 (8th Cir.1987), *cert. denied sub nom., Arthur Young & Co. v. Burull*, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). If the attorney conducts the litigation in such a manner that unnecessarily and vexatiously escalates costs, sanctions may be imposed under section 1927. *See Lupo v. R. Rowland and Co.*, 857 F.2d 482, 486 (8th Cir.1988), *cert. denied*, 490 U.S. 1081, 109 S.Ct. 2101, 104 L.Ed.2d 662 (1989). *See also Perkins v. General Motors Corporation*, 965 F.2d 597, 600–601 (8th Cir.) (affirming section 1927 sanctions upon attorney who persistently pursued unsupported factual allegations during discovery and who misrepresented testimony), *cert. denied*, —— U.S. ——, 113 S.Ct. 654, 121 L.Ed.2d 581 (1992).

Thus, the Court finds that Plaintiff's attorneys's interruptions were objectively unreasonable; and, given that the two attorneys persisted in their interruptions during depositions which spanned eleven months and which are clearly not permitted by the Federal Rules of Civil Procedure, the Court further finds that the interruptions were made in bad faith.

Alternatively, the Court, for the reasons set forth above and pursuant to its inherent power, finds that the sanctions should be

---

Armstrong Depo., Vol. II, pp. 82–83.

For other examples, see Armstrong Depo. Vol. I, pp. 47–48, 57–58, 59–63; Vol. II, pp. 63–65, 75–76, 82–83, 102–103, 113–114; Vol. III, pp. 109, 163–164, 167; and Vol. IV, 102–103.

15. As the court in *Hall*, supra at 528, observed:

The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record.

16. For instance, during Plaintiff's first deposition, Mr. Hyatt cautioned his client: "He's asking you a different question. Listen to the ques-tion he ask [sic]." (Armstrong, Depo. Vol. I, p. 95).

17. *See* Armstrong Depo., Vol. II, pp. 102–103; Vol. III, 145; Vol. IV 92–95, 105).

18. 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

imposed upon Plaintiff's attorneys for their vexatious conduct during depositions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2135, 115 L.Ed.2d 27 (1991).

The Court also cautions Plaintiff's attorneys that any future deposition conduct found to be violative of the Federal Rules of Civil Procedure or with this Court's orders will result in the imposition of sanctions, including, possibly, the dismissal of this case with prejudice.

### B. Plaintiff's Motion to Compel.

■ The Court will deny Plaintiff's Motion to Compel. The sought-after discovery requests were foreclosed by this Court's scheduling order. Moreover, Plaintiff does not refute Defendant's contention that the request for production of documents, without any limitation based upon Plaintiff's circumstances, is overly burdensome.

### C. Defendant's Motion to Dismiss; Motions in Limine.

Defendant also requests that this Court dismiss the case or otherwise sanction Plaintiff for his failure to comply with Rule 16 or Local Rule 13. This case will be reset, by separate order, on the November 13, 1995, trial docket. Therefore, the Court will deny this motion, and the motions in limine, without prejudice.

Again, the Court cautions the Plaintiff that any further failure to comply with Rule 16 or with Rule 13 *will* result in the imposition of sanctions, including, possibly, the dismissal of this case with prejudice.

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [45] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or to Strike [60] and the pending Motions in Limine—[59], [64], [65], [66], and [67]—are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel and for Sanctions [48] is **GRANTED.** Therefore, it is ordered that:

1. Defendant may redepose Plaintiff and witnesses Don Chester, John David Joseph, Alfreda McNeal, Earl Williams, John Clark, William E. Smith, Lynne Adkins, and Harry Lenoir.

2. Plaintiff is to produce within ten (10) days of the date of this order any prior statements by Chester, Joseph, McNeal, Williams, or Clark.

3. Only one attorney for Plaintiff may speak at a single deposition; that attorney is to be named on the record at the beginning of the deposition.

**IT IS FURTHER ORDERED** that the following guidelines for depositions are hereby imposed:

A. At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.

B. All objections, except those which would be waived if not made at the deposition under Federal Rules of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion pursuant to Federal Rules of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of the deposition.

C. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

D. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct, stating the basis of the objection and nothing more.

E. Counsel and their witnesses and clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege; and, any off-the-record conference is a

proper subject for inquiry by deposing counsel to ascertain whether it was done in violation of this Order.

F.  Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have a right to discuss documents privately before the witness answers questions about them.

**IT IS FINALLY ORDERED** that Defendant is to submit within twenty (20) days of the date of this Order an itemization of attorney fees incurred as a result of Plaintiff's attorneys' (i) instructions to the witnesses not to answer objections for reasons other than those provided for by Rule 32(d)(3); (ii) objections which suggested an answer or coaching of the witnesses; and (iii) consultations with the witnesses during depositions. Plaintiff then has ten (10) days within which to respond, in the form required by Rule 3 of the Local Rules of the United States District Court for the Eastern District of Missouri, to Defendant's submission.