In re Victor Martinez AMEZAGA, Elsie Awilda Rivas Bruno, Debtors.

**ARP and the SEVERAL AIR CARRIERS, Plaintiffs,**

v.

Victor Martinez AMEZAGA, Elsie Awilda Rivas Bruno, Defendants.

Bankruptcy No. 92–03943.
Adv. No. 93–0120.

United States Bankruptcy Court, D. Puerto Rico.

April 4, 1996.

---

Lawrence E. Duffy, Martinez Alvarez, Fernandez Paoli, Mendez Monroig, Menendez Cortada & LeFranc Romero, Miramar Santurce, Puerto Rico, for Plaintiffs ARP and The Several Air.

Wallace Vazquez Sanabria, Hato Rey, Puerto Rico, for Debtors/Defendants Victor Martinez Amezaga and Elsie Awilda Rivas Bruno.

### OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

The court held a hearing on March 15, 1996 on plaintiffs', ARP and The Several Air Carriers' Motion for Sanctions and for an Order to Compel Discovery, Memorandum and Statement of Facts (docket Nos. 43, 44 & 45). Defendants Victor Martinez Amezaga and Elsie Awilda Rivas Bruno filed an Opposition (docket No. 52) and plaintiffs submit-

ted a Reply (docket No. 56). Also raised by plaintiffs was the effectiveness of defendants' Motion to Quash Request for Admissions (docket No. 61) and whether entry of summary judgment is supported thereby. In addition, defendants filed a Motion Requesting Protective Order (docket No. 67) and plaintiffs submitted a Response (docket No. 68).

## DISCOVERY

Before the March 15, 1996 hearing, the court held a status conference on June 30, 1995. Docket No. 47. Just prior to that hearing, plaintiffs filed the motion for sanctions and an order to compel discovery based on the deposition taken on July 11, 1994. Docket Nos. 43, 44 & 45. Subsequently, the court issued an order denying plaintiffs' motion for summary judgment and addressing defendants' allegations that the court lacked jurisdiction to extend the deadline for filing a complaint objecting to discharge. Docket Nos. 63 & 64. These orders did not address discovery issues, however, plaintiff was instructed to file a motion detailing pending discovery forthwith. Docket No. 63.

The filings are replete with numerous examples of discovery abuses as well as personal attacks by defendants' counsel which clearly underscore the abandonment of civility, causing a standstill in this case. Docket No. 45 & exhibit A.[1] Plaintiffs support their

request for sanctions and an order to compel discovery on allegations that defendant and his counsel, Mr. Wallace Vazquez Sanabria, were "obstinate and vexatious" and "obstructive that it was not reasonably possible to conduct discovery" resulting in suspension of the deposition held on July 11, 1994. Docket No. 43, p. 2.

Defendants respond by stating that counsel for plaintiffs, Mr. Lawrence Duffy is unfamiliar with bankruptcy law, the Federal Rules of Civil Procedure and dischargeability. In the alternative, defendant states that plaintiffs' counsel "liberally interpret[s] the law and procedure to his advantage as a way of *harassing Debtors.*" Docket No. 52, p. 2 (emphasis original). Furthermore, defendants allege "that Duffy's failure to prosecute in good shape and to comply with Local Rule 311.11 were the sole cause (sic) of any and all inconveniences" at the deposition.[2] Docket No. 52, p. 11.

Aside from ongoing rambling and attacks on plaintiffs' counsel, defendants' reply to plaintiffs' request to compel discovery and sanctions is devoid of legal basis justifying debtors' or Mr. Vazquez's conduct during the deposition taken on July 11, 1995. Mr. Vazquez makes broad conclusions about the relevancy of evidence interspersed with examples of his good will all the while belittling Mr. Duffy by way of personal attacks.[3]

1. In reviewing the deposition, the following segments represents examples of discovery abuses by defendants' attorney: Deposition Transcript at 6:5–6:23; 9:8–9:13; 9:23–10:11; 18:10–18:12; 22:21–24:22; 25:9–26:11; 26:12–26:23; 27:14–28:1; 28:15–31:8; 31:9–31:14; 31:17–33:1; 33:11–34:6; 35:18–39:14; 39:16–42:16; 42:19–42:21; 42:22–44:16; 44:20–45:6; 45:18–45:24; 47:2–48:6; 48:10–48:19; 49:6–49:7; 50:10–50:11; 52:6–54:7; 56:1–56:25; 57:23–57:24; 57:25–59:9; 59:15–62:4; 62:22–62:25.

2. Rule 311.11 provides:

Except as provided for in Rule 37(j), FRCP, and prior to filing of any motion or objection relating to discovery pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, counsel for each of the parties concerned shall confer in advance of the filing in a good faith effort to eliminate as many of the disputes between the parties as possible, or to eliminate the necessity of filing such motion or objection. It shall be the responsibility of counsel for the movant to ar-

range for the conference. Unless relieved by agreement or by order of the Court upon good cause shown, counsel for respondent shall confer with counsel for the movant within ten (10) days of service of a letter requesting such conference and specifying the terms of the discovery order to be sought. The Court will not entertain any motion relating to discovery unless moving counsel shall first advise the Court, in writing, that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference as provided for in this rule, or that counsel for respondent has refused to confer or delayed conference without good cause. This statement shall recite, in addition, the date, time and place of such conference, if any, and the names of all parties participating therein and the attorneys representing them.

3. Mr. Vazquez not only questions Mr. Duffy's legal ability and expertise but goes on to state that the lawsuit is a "vendetta", that he is engaging in a "fishing expedition" with the "intent" to "harass" debtors.

In an example to redeem himself, Mr. Vazquez states that defendants' position is the following:

> [W]ith respect of Mr. Martinez he would only be available to be examined in areas identified as not previously examined, or where additional information is required, while with respect to Co–Defendant, Elsie Rivas, there is no limitation except that provided by the rules, i.e. relevancy and privilege.

Docket No. 52, p. 15. While the foregoing statement is consonant with the general rules and purpose of discovery, a review of the deposition shows that Mr. Vazquez's position is presented in a vacuum. It is clear that Mr. Vazquez's conduct throughout the deposition is unquestionably contrary to the procedures established by the Federal Rules of Civil Procedure.

During the deposition, Mr. Vazquez took every opportunity to create barriers to the successful completion of the deposition including failure to notify as to the language issue,[4] commenting and interrupting unnecessarily, objecting in an improper manner, interpreting and restating questions asked by counsel, discussing the question with deponent prior to his answering and finally, instructing the client not to bring documents requested and not to answer questions about documents produced. It is apparent that Mr. Duffy had no option but to discontinue the deposition and seek assistance from the court. Mr. Vazquez's stance during the deposition not only lacked civility but was obstructive and offensive to opposing counsel. Also, the record reflects that the deponent and his wife, also a party, conversed during the taking of the deposition.

At the hearing held on March 15, 1996 counsel for defendant reiterated his justifications for his actions during discovery. Mr.

Vazquez states that his actions were not inconsistent with the Federal Rules of Civil Procedure and designed to "see what he (Duffy) needs." Docket No. 70, Transcript at 14:24 to 15:10 & 18:5 to 18:8. Counsel further stated that he was only being paid to defend his client in this adversary proceeding underscoring his intent to allow discovery only on those matters which, in his judgment, relate to the discharge of the debtor. Docket No. 70, Transcript at 16:5 to 16:11.

It is well established that discovery is a liberal process broadly defined as allowing unrestricted access to sources of information.[5] See Rule 26, Fed.R.Civ.P.; 8 *Federal Practice and Procedure* § 2007 (1994). Discovery is allowed in relation to any information relevant to the subject matter of the litigation and only limited in four specific circumstances: 1) privileged matter; 2) material obtained in preparation of trial; 3) physical or mental examination can only be ordered in specific instances; and, 4) limitations by the court. See Rule 26, Fed.R.Civ.P.; 8 *Federal Practice and Procedure* § 2007 (1994).

The general limitations of relevancy require that the information sought be relevant to the subject matter of the pending action rather than issues in the case.[6] See 8 *Federal Practice and Procedure* § 2008 (1994). It is generally accepted that the issues will not be clearly defined at the time of discovery and that discovery serves the important purpose of narrowing and defining issues. See, e.g., Stevenson v. Melady, 1 F.R.D. 329, 330 (S.D.N.Y.1940) (discovery is not generally limited to the exact issues presented in the pleadings).

While it is difficult to formulate an exact rule regarding relevancy, the term should be construed liberally and with common sense. Discovery is allowed into any

---

4. It is not necessary to belabor the language issue in that the court had issued a ruling during a conference call at the deposition. However, this is a glaring example of Mr. Vazquez's obstruction during the deposition in that he chose to wait until the beginning of the deposition to inform Mr. Duffy that his client will testify in Spanish when, in fact, debtor had testified in English in court and in a prior Rule 2004 examination.

5. Great latitude is allowed during discovery and is not subject to the limitations of admissibility or competency of evidence during trial.

6. Further, it should be noted that objections as to relevancy are preserved for trial and are not waived if not stated during the deposition.

matter that may possibly lead to information relevant to the subject matter of the action. *See 8 Federal Practice and Procedure* § 2008 (1994). A party who raises the objection of relevancy may seek protection from the court utilizing Rule 26(c) of the Federal Rules of Civil Procedure. However, where counsel has instructed a deponent not to answer based on objections of relevancy, courts have threatened and imposed sanctions on counsel. *See 8 Federal Practice and Procedure* § 2008 (1994) and the cases cited therein. Sanctions may be imposed pursuant to Rule 30(d)(2) which provides:

> By order or local rule, the court may limit the time permitted for the conduct of a deposition, but shall allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another party impedes or delays the examination. If the court finds that such an impediment, delay, or other conduct that has frustrated the fair examination of the deponent, it may impose upon persons responsible an appropriate sanction including the reasonable costs and attorney's fees incurred by any party as a result thereof.

■ The Complaint in this case seeks denial of defendants' discharge from bankruptcy pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), and 727(a)(4)(A).[7] Information which either directly supports or leads to additional evidence which supports any of these causes of action is relevant and discoverable absent that which may be privileged. Accordingly, any evidence or information about debtor's financial dealings is fair game

with few exceptions. Needless to say, information concerning the selling or transfer of real property as well as the financial status of business enterprises entered into by debtors prior to filing bankruptcy is relevant and discoverable. Defendant has not demonstrated otherwise.[8]

■ Counsels' behavior during a deposition is governed by Rule 30 of the Federal Rules of Civil Procedure. Rule 30(c) specifies, among other things, the manner in which objections should be made:

> Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rule 103 and 615. The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other method authorized by subdivision (b)(2) of this rule. *All objections made at the taking of the examination to the qualifications of the officer taking the deposition, to the manner taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.* In lieu of participating in the oral examination, parties shall transmit them to the officer, who shall propound

7. Section 727 reads in pertinent part:
(a) The court shall grant the debtor discharge, unless—
(1) . . .
(2) the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of filing of the petition; . . .
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions

might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account; . . .

8. While defendants previously moved the court to dismiss the Complaint for lack of particularity, they also refuse to provide the facts during discovery. Although the court is aware that defendants' counsel has changed, problems with discovery have been going on since the beginning of this case. *See* Bankruptcy Case No. 92–03943, docket No. 7 and Adversary Case No. 93–00120, docket Nos. 17 & 47.

them to the witness and record the answers verbatim.

(emphasis added).

■■■ There is no doubt that deposition procedures mirror the giving of testimony at trial with the exception of objections which are only noted for the record and not ruled upon until such time that the deposition testimony is used at trial. A deposition is a "question-and-answer conversation" between the witness and deposing attorney to garner facts in relation to that witness' actions and experiences. *Hall v. Clifton Precision, A Division of Litton Systems, Inc.,* 150 F.R.D. 525, 528 (E.D.Pa.1993).

Contrary to Mr. Vazquez's allegations, counsel may not instruct deponent not to answer questions posed by opposing counsel except in particular situations as provided in Rule 30(d)(1) & (2).

(1) Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. *A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3).*

(2) . . .

(3) At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonable to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided by Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred related to the motion.

(emphasis added).

Mr. Vazquez further instructed his client to not answer questions related to documents produced by Mr. Duffy during the deposition because these were not presented prior to the questioning of his client. In relation to documents, Rule 30(f)(1) provides in pertinent part:

Documents and things produced for inspection during examination of the witness, shall, upon request of a party, be marked for identification and annexed to the deposition and may be inspected and copied by any party, except that if the person producing the materials desires to retain them the person may (A) offer copies to be marked for identification and annexed to the deposition and to serve thereafter as originals if the person affords to all parties fair opportunity to verify the copies by comparison with the originals, or (B) offer the originals to be marked for identification, after giving to each party an opportunity to inspect and copy them, in which event the materials may them be used in the same manner as if annexed to the deposition. Any party may move for an order that the original be annexed to and returned with the deposition to the court, pending final disposition of the case.

■■■ While the deposing attorney should furnish counsel with a copy of the document, there is no requirement that the witness and his lawyer discuss the document prior to the witness being questioned. Rule 30(f)(1), Fed.R.Civ.P. Presentation of documents during a deposition does not provide grounds for interruptions or conversations with witness by his counsel. *Hall,* 150 F.R.D. at 529. Rather, where a witness needs clarification as to the document prior to answering questions, he may ask the deposing attorney or, in any event, testify as to his lack of knowledge concerning the document. *Hall,* 150 F.R.D. at 529. To make matters worse, it is Mr. Duffy's contention that the documents used at the deposition were previously produced by defendants.

Counsel for the deponent has a very limited role during the taking of a deposition and conversing with the witness is limited to discussions about whether the objection of privilege should be asserted. *Hall,* 150 F.R.D. at 529. He is prohibited from acting as a intermediary, interpreting questions, assisting deponent with formulation of the answers or deciding which questions should be answered. *Johnson v. Wayne Manor Apartments,* 152 F.R.D. 56, 59 (E.D.Pa.1993). Counsel's understanding or interpretations of questions asked are irrelevant and should not be at issue at a deposition.

The record supports that Mr. Vazquez engaged in extensive and unnecessary colloquy, asserted groundless objections, improperly objected and took every opportunity to interrupt and argue with opposing counsel. While this style may project zealousness, " 'Rambo Litigation' ... does not promote the 'just, speedy and inexpensive determination of every action,' as is required by Fed. R.Civ.P. 1" and is not tolerated by this court. *Van Pilsum v. Iowa State University of Science and Technology,* 152 F.R.D. 179, 181 (S.D.Iowa 1993). Mr. Vazquez mentions economic concerns in permitting expansive discovery, however, his rigid stance has lead to the unnecessary expenditure of both time and money with direct results including a second deposition of debtor, numerous filings and at least one court appearance to discuss the matter.

Furthermore, Mr. Vazquez's contention that the discovery problems are the direct result of Mr. Duffy's violation of Local Rule 311.11 is unsubstantiated. It appears that the parties met on March 29, 1994 whereupon Minutes of the Meeting were subsequently presented to Mr. Duffy. Docket No. 52, exhibit D. Mr. Duffy explained that he chose not to sign the Minutes due to disagreement with Mr. Vazquez as to the scope of the depositions. Mandates by Local Rules are revered, however, the court does not understand Mr. Vazquez's contention. Local Rule 311.11 requires that counsel meet to discuss the terms of discovery in an effort to forge an agreement prior to seeking assistance from the court. This was done; agreement was not reached. Further discussion is not warranted.

Furthermore, Mr. Vazquez states that information allegedly revealed as result of settlement talks may not be used subsequently for any other purpose. Even if such conclusion was legally sound, Mr. Duffy provides a different scenario. Disagreeing with Mr. Vazquez, Mr. Duffy notes that plaintiffs informed defendants that settlement discussions would not occur until all financial information was produced. Accordingly, Mr. Duffy concludes, whatever information subsequently produced was not produced for purposes of settlement. Considering the two positions, it seems highly unlikely that any seasoned attorney would enter into settlement talks without first knowing the actual extent of the loss to their clients.

In response to Mr. Vazquez' allegations that Mr. Duffy and plaintiffs are merely conducting a "fishing expeditions", we quote the following passage from a decision by the Supreme Court of the United States:

We agree, of course, that the deposition-discovery rules

> are to be accorded a broad and liberal treatment. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise.

*Hickman v. Taylor,* 329 U.S. 495, 507–08, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Finding that the information sought by plaintiffs is relevant, we need not address this allegation further.

The court finds that Mr. Vazquez's conduct served to effectively obstruct the success of the deposition and violated numerous mandates contained in the Federal Rules of Civil Procedure. Accordingly, pursuant to Rule

30(d)(2), monetary sanctions are imposed against Mr. Vazquez personally for the cost and attorney fees incurred by plaintiffs as a result of the unsuccessful July 11, 1994 deposition. Furthermore, Mr. Vazquez shall pay the Clerk of the Court an additional sanction of five hundred dollars ($500.00) within thirty (30) days of this order for unnecessary delays and waste of judicial resources caused by conduct which is contrary to the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSIONS

Subsequent to the filing of an action, a party may request admissions of facts and particular inferences supported thereby from opposing counsel pursuant to Rule 36 of the Federal Rules of Civil Procedure. Once the motion is filed, opposing counsel has thirty (30) days to answer the motion, setting forth objections with specificity, or the facts will be deemed admitted. Rule 36(a), Fed.R.Civ.P. This rule may be used in conjunction with other discovery devices and, when effectively used, expedites litigation by defining and limiting the matters in controversy between the parties. 8A *Federal Practice and Procedure* §§ 2252, 2253 (1994).

In this case, plaintiffs filed a request for admissions upon defendants' counsel on December 5, 1995. Docket No. 66, Exhibit A. In response, defendants filed a Motion to Quash on December 29, 1995. Docket No. 61. Without addressing each and every fact presented by plaintiffs for admission as required by Rule 36, defendants argue that the facts are beyond the scope of discovery as defined by Rule 26(b)(1) as they are not relevant. Furthermore, defendants make the general statement without further explanation that some facts seek information which is "privileged." Docket No. 66, p. 2. Based on the insufficiency of defendants' answer, plaintiffs request that the court find the facts admitted and reconsider its ruling on the prior denial of plaintiffs' motion for summary judgment. *See* Docket No. 68 & docket No. 70, Transcript at 10:12 to 11:10.

Responses to requests for admissions include: 1) not responding and having the facts deemed admitted; 2) move for an extension of time; 3) move for a protective order; 4) make admissions; 5) deny the matters requesting to be admitted; 6) state reasons why the fact cannot be denied or admitted; or 7) object to the admission. 8A *Federal Practice and Procedure* §§ 2259, 2260, 2261 & 2262 (1994). Denials, reasons supporting inability to admit or deny and objections must be detailed and specific. Where the answers are inadequate, courts have admitted the matters in question finding that an insufficient answer is equivalent to no answer. 8A *Federal Practice and Procedure* § 2263 (1994).

The court finds that the defendants' response to plaintiffs' motion for admissions is not sufficient. However, we choose not to deem the matters therein admitted but order defendant to submit an answer within fifteen (15) days from notice of this order. In order to avoid an adverse ruling, defendants are admonished to address each matter contained in the request in detail and with specificity while taking into consideration the discussion herein as to relevancy of requested information for purposes of dischargeability in bankruptcy. In the event that the answer is not sufficient, plaintiffs may move the court for a finding that the matters be admitted and then, renew its motion for summary judgment, if sustainable.

## PROTECTIVE ORDER

Defendants have filed Request for Protective Order (docket No. 67) asking that the court "terminate all discovery and force a schedule upon Plaintiffs so that a Pre–Trial can be held in good shape as scheduled on March 15, 1996." Docket No. 67, pp. 2–3. In the motion, defendants assert that as of March 5, 1996 plaintiffs have not contacted his office to arrange for a meeting in relation to the pre-trial and that contrary to this court's order of February 2, 1996, plaintiffs have not filed an informative motion detailing pending discovery within the 15 days allotted.

Plaintiffs responded by requesting a protective order (docket No. 68) requesting additional time to comply with the court's order and explaining that the orders issued by the

court were not received as an incorrect address was being utilized despite notification of his new office address. In addition, he indicates that although he was not available to meet with counsel on March 5, 1995 to discuss the pretrial report, Mr. Duffy faxed a letter to counsel indicating availability on five other days.

Considering the circumstances of this case and Mr. Duffy's explanation as well as the March 15, 1996 hearing wherein each party presented their arguments on the issue of discovery, we see no need to issue a protective order.

## CONCLUSION

In view of the foregoing, the Court hereby GRANTS plaintiffs', ARP and the Several Air Carriers' Motion for Sanctions and for an Order to Compel Discovery (docket No. 43) and Mr. Wallace Vazquez Sanabria, counsel for the defendants, is hereby ordered to reimburse plaintiffs the cost of the deposition of Mr. Victor Martinez Amezaga conducted on July 11, 1994. In addition, Mr. Wallace Vazquez Sanabria shall pay an additional five hundred dollar ($500.00) fine to the Clerk of the Court for obstruction of discovery within thirty (30) days of notice this order.

The parties are further ORDERED to resume discovery consistent with the Federal Rules of Civil Procedure as discussed herein. Furthermore, the parties are ORDERED to meet within the next twenty (20) days with the purpose of setting a schedule for the remaining depositions in this adversary proceeding.

Furthermore, defendants', Victor Martinez Amezaga and Elsie Awilda Rivas Bruno's Motion to Quash Request for Admissions (docket No. 61) is hereby DENIED and defendants shall submit an answer and/or objections within fifteen (15) days notification of this order.

Finally, defendants', Victor Martinez Amezaga and Elsie Awilda Rivas Bruno's Motion Requesting Protective Order (docket No. 67) is hereby DENIED.

SO ORDERED.